**Jon Matthew IVIE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–93–01128–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 1995.

Jan G. Banker, Houston, for appellant.

David S. Barron, Anderson, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant entered a plea of nolo contendere to the offense of involuntary manslaughter. TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1989).[1] After accepting his plea, the trial court assessed punishment at five years confinement in the Institutional Division of the Texas Department of Criminal Justice, and made an affirmative finding that appellant used a deadly weapon during the commission of the offense. In his sole point of error, appellant alleges the trial court erred in finding he used his automobile as a deadly weapon because the State failed to give adequate notice of its intent to seek an affirma-

---

are covered by official immunity." 904 S.W.2d at 654.

**1.** The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

tive finding of a deadly weapon, and because he committed the offense by mistake or accident while intoxicated. We affirm.

Appellant was intoxicated and did not see the headlights of an oncoming motorcycle when he turned left onto a county road. The motorcycle collided with the fender of his truck, killing the motorcyclist. A grand jury charged appellant by indictment with involuntary manslaughter. Before appellant entered his plea, the State orally notified him that it intended to seek an affirmative finding that he used his car as a deadly weapon. The trial court admonished appellant as to the consequences of an affirmative deadly weapon finding,[2] and ordered the preparation of a pre-sentence investigation. After hearing evidence at the punishment hearing and assessing punishment, the trial court found appellant had used his automobile as a deadly weapon in the commission of the offense.

■ Appellant alleges the State provided him with inadequate notice of its intent to seek an affirmative finding of a deadly weapon by orally announcing such intent at the plea hearing. Appellant, however, overlooks the written notice provided by the State in the grand jury indictment charging him with involuntary manslaughter. An indictment which alleges the defendant caused the death of the victim by causing his motor vehicle to collide with the vehicle driven by decedent is adequate notice of the State's intent to seek such a finding. *Ex Parte McKithan*, 838 S.W.2d 560, 561 (Tex.Crim.App.1992).

■ Appellant further contends he could not have used his truck as a deadly weapon, because he committed the offense unintentionally, by mistake or accident, while intoxicated. Appellant maintains in order for the trial court to find that he used his truck as a deadly weapon, he must have performed some affirmative act, exhibited some intent, or took some positive action to indicate that

he knew or should have known that the results of his action would be dangerous or deadly. The Texas Court of Criminal Appeals recently rejected this argument in holding that an affirmative finding that a motor vehicle was used as a deadly weapon is permissible upon a conviction of involuntary manslaughter under Section 19.05(a)(2) of the Texas Penal Code. *Tyra v. State*, 897 S.W.2d 796 (Tex.Crim.App.1995).

Section 3g(a)(2) of Article 42.12 of the Texas Code of Criminal Procedure denies adult probation[3] to a defendant when the State shows that *he used or exhibited a deadly weapon during the commission of a felony offense.* Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.1995) (emphasis added). Considering the definition of "use" found in earlier case law with the statutory definition of "deadly weapon" under Article 42.12, the court of criminal appeals concluded in *Tyra* that "driving a motor vehicle constitutes the use of it and driving it in a manner capable of causing death or serious bodily injury constitutes it as a deadly weapon." *Tyra*, 897 S.W.2d at 798 (citing *Patterson v. State*, 769 S.W.2d 938 (Tex.Crim.App.1989)). While noting that the Legislature may not have contemplated the application of Article 42.12 to an involuntary manslaughter offense, the court, nevertheless, found Article 42.12 to apply on its face to this offense. *Id.* at 799. Moreover, the court's own precedent establishes that "anything, including a motor vehicle, which is actually used to cause the death of a human being is a deadly weapon." *Id.* at 798 (citing *Ex parte McKithan*, 838 S.W.2d at 561). Consequently, involuntary manslaughter under Section 19.05(a)(2) is a felony offense which always involves the use of a deadly weapon, whether the act is committed by accident, mistake or otherwise. *Id.* The trial court, in this case, did not err in affirmatively finding the manner in which appel-

---

2. An affirmative finding of use of a deadly weapon does not increase the sentence a convicted felon must serve, but precludes the trial court from ordering community supervision, and the parole board from releasing the felon until he has served at least one-half the maximum sentence but not less than two years. *See* Tex.Code Crim.Proc.Ann. art. 42.12, § 3g; art. 42.18, § 8(b)(3) (Vernon Supp.1995).

3. The Legislature amended Article 42.12, Section 3 to replace all references to adult probation with community supervision as of September 1, 1993. *See* Acts June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.04(a), 1993 Tex.Gen.Laws 3743.

lant drove his truck to be use of a deadly weapon. Appellant's point of error is overruled.

The judgment of the court below is affirmed.