Affirmed and Opinion filed October 16, 2003









Affirmed and Opinion filed October 16, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01246-CR

____________

 

JASON JAMES GILL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 907,795

 



 

M E M O R A N D U M  
O P I N I O N

Appellant Jason James Gill pleaded
guilty to an indictment charging him with recklessly causing the death of
another Aby operating a motor vehicle at an
unsafe speed and weaving in and out of traffic lanes.@ 
See Tex. Pen. Code Ann. ' 19.04(a) (Vernon 2003).  After receiving a presentence
investigation report, the trial court sentenced appellant to fifteen years= confinement in the Texas Department
of Criminal Justice, Institutional Division, and made an affirmative deadly
weapon finding.  In a single issue,
appellant challenges the appropriateness of the deadly weapon finding.  We affirm.








FACTUAL BACKGROUND

Appellant, who subsequently admitted to being intoxicated,
was driving his automobile at an extremely high rate of speed, swerving in and
out of lanes of traffic on Interstate-45 when he struck the truck in which the
seven-year-old victim was riding.[1]  Appellant struck the truck so hard it rolled
over several times and rammed into a concrete barrier.  The victim had been sitting in the extended
cab portion of the truck in a child=s seat and was presumably crushed by
the impact.

Appellant left the scene without stopping, eventually fleeing
to his home state of Illinois after abandoning his damaged automobile in
Houston.  After officers traced appellant
to Illinois, appellant contacted Illinois authorities and provided a
statement.  He was subsequently charged
and returned to Texas.

At sentencing, the trial court, over appellant=s objection, made a deadly weapon
finding.

DISCUSSION

In a single issue, appellant challenges the deadly weapon
finding.  He makes two arguments: (1) a
deadly weapon finding is inconsistent with an offense that contains an element
of recklessness, and (2) a deadly weapon is a component of the offense of
manslaughter.








Under the Texas Penal Code, a deadly weapon is Aa firearm or anything manifestly
designed, made, or adapted for the purpose of inflicting death or serious
bodily injury;  or
. . . anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.@ 
Tex. Pen.
Code Ann. ' 1.07(a)(17) (Vernon 2003).  In Tyra
v. State, the court of criminal appeals upheld the jury=s deadly weapon finding in an
involuntary manslaughter case under former Penal Code section 19.05(a)(2), the precursor to present Penal Code section
19.04.  897 S.W.2d 796,
799 (Tex. Crim. App. 1995).[2]  The court stated, A[I]t is reasonably clear that driving
an automobile constitutes the use of it and that driving it in a manner capable
of causing death or serious bodily injury constitutes it a deadly weapon.@ 
Tyra, 897 S.W.2d at
798.

In Walker v. State, the court of criminal appeals
applied Tyra and specifically rejected an
argument identical to appellant=s first argument in the present case.  897 S.W.2d 812, 813B14 (Tex. Crim.
App. 1995); see also Ivie v. State, 905 S.W.2d
701, 702 (Tex. App.CHouston [14th Dist.] 1995, no pet.) (rejecting argument identical to appellant=s first argument and citing Tyra, 897 S.W.2d 796).








In Tyra itself, the court of
criminal appeals rejected an argument identical to appellant=s second argument in the present
case.  See Tyra,
897 S.W.2d  at
798 (declining to expand Narron v. State,
835 S.W.2d 642 (Tex. Crim. App. 1992) and Ex parte Petty, 833 S.W.2d 145 (Tex. Crim.
App. 1992)).

This court is bound by controlling authority from the court
of criminal appeals.  Zarychta
v. State, 44 S.W.3d 155, 162 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Accordingly, we overrule appellant=s sole issue.

We affirm the judgment of the trial court.

 

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 16, 2003.

Panel consists of
Chief Justice Brister and Justices Anderson and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The facts are
taken from the presentence investigation report.





[2]  Former Texas
Penal Code section 19.05(a),(b) provided:

 

 (a) A person
commits an offense if he:

 

(1) recklessly causes the death of an individual; or

 

(2) by accident or mistake
when operating a motor vehicle, airplane, helicopter, or boat while intoxicated
and, by reason of such intoxication, causes the death of an individual.

 

(b) For purposes of this section, Aintoxicated@ has the
meaning assigned that term by Subsection (a), Article 6701l‑1,
Revised Statutes.

 

Act
of May 29, 1987, 70th Leg., R.S., ch. 307, ' 1, 1987 Tex. Gen. Laws 1698, 1698 (since amended and
renumbered, current version at Tex. Pen. Code Ann. ' 19.04 (Vernon 2003)).

 

Texas Penal Code section 19.04 provides: 

 

(a) A person commits an offense if he recklessly
causes the death of an individual.

 

(b) An offense under this section is a felony of the
second degree.

 

Tex. Pen. Code
Ann. ' 19.04 (Vernon 2003).