**Kenneth Wayne SPEERING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 135–89.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 10, 1990.

George McCall Secrest, Jr. (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Kathlyn Giannaula, Timothy G. Taft and Terry Wilson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted by a jury of the stabbing and strangulation murder of his wife. Punishment was assessed at twenty years in the Texas Department of Corrections [1] and a fine of $10,000.00. On direct appeal the conviction was affirmed, but the Court of Appeals deleted the affirmative finding contained in the judgment. *Speering v. State*, 763 S.W.2d 801 (Tex.App.–Texarkana 1988). The Court of Appeals based its holding on the ground appellant did not have sufficient notice of the State's intent to seek a deadly weapon finding under this Court's decision in *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Cr.App. 1987). We refused to entertain appellant's

---

**1.** Now the Texas Department of Criminal Jus-    tice, Institutional Division.

petition for discretionary review but granted the cross petition filed by the State in which respondent contends the appeals court erred in deleting the affirmative finding returned by the jury stating a deadly weapon was used or exhibited during commission of the offense. We will reform the judgment below.

The indictment charging appellant with murder alleges, in pertinent part, that appellant "did then and there ... intentionally and knowingly cause the death of (the complainant) ... by strangling the Complainant and stabbing the Complainant with a knife." In *Ex parte Beck*, 769 S.W.2d 525 (Tex.Cr.App.1989), we concluded "any allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the named weapon or instrument was, 'in the manner of its use ... capable of causing' (since it did cause) death." (footnote omitted) (emphasis in original). Here, the allegation appellant did "cause the death" by use of a named weapon, necessarily includes an allegation that the named weapon or instrument was, in the manner of its intended use, capable of causing death. This allegation satisfies the constitutional guarantees at issue in *Ex parte Patterson*, supra, and follows the recently reaffirmed rule that before an affirmative finding of the use of a deadly weapon can stand, it must be alleged by the State either in the indictment or by way of special pleading. *See Luken v. State*, 780 S.W.2d 264 (Tex. Cr.App.1989). The language in the instant indictment clearly gave appellant notice the nature of the weapon allegedly used in commission of the crime would be an issue to litigate at trial.

The State's ground for review is sustained. That portion of the judgment of the Court of Appeals deleting the affirmative finding is reformed, and the judgment of the trial court containing the weapon finding is reinstated.