**Ex parte Louis Russell McKITHAN.**

**No. 71473.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 14, 1992.

Attorney pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted by a jury of involuntary manslaughter by driving while intoxicated and was sentenced to ten years confinement and a $5000.00 fine. Applicant's conviction was affirmed. McKithan v. State, No. 08–89–00255–CR (Tex.App.—El Paso, delivered July 25, 1990, pet. ref'd).

The indictment charging Applicant with involuntary manslaughter alleges, in pertinent part, that Applicant caused the death of an individual by "causing the [Applicant's] motor vehicle to collide with the vehicle driven by [the deceased]." Upon submission of a special issue, the jury re-

turned a finding that Applicant used or exhibited a deadly weapon during the commission of the offense. Applicant contends in this application that the indictment failed to provide adequate notice that the State would seek a deadly weapon finding. See *Ex Parte Patterson*, 740 S.W.2d 766 (Tex. Cr.App.1987) (accused persons are entitled to notice that the use of a deadly weapon will be a fact issue if the State intends to pursue the entry of a deadly weapon finding at trial). See Articles 42.01 and 42.12, § 3g(a)(2), V.A.C.C.P.

■ This Court stated in *Ex Parte Beck*, 769 S.W.2d 525, 526 (Tex.Cr.App.1989), that "any allegation which avers a death was caused by a named weapon or instrument necessarily includes an allegation that the named weapon or instrument was, 'in the manner of its use ... capable of causing' (since it did cause) death." (Emphasis in original). Texas Penal Code, Section 1.07(a)(11)(B) provides that a "deadly weapon" means "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." A motor vehicle, in the manner of its use or intended use, is clearly capable of causing death or serious bodily injury and therefore can be a deadly weapon. See *Roberts v. State*, 766 S.W.2d 578 (Tex.App.—Austin 1989, no pet.)

■ Since the decision in *Ex Parte Beck*, this Court and intermediate appellate courts have upheld many cases in which the indictments were attacked for failing to provide notice that an instrumentality causing death or serious bodily injury would be litigated at trial and an affirmative finding sought by the prosecution. See, e.g., *Johnson v. State*, 815 S.W.2d 707 (Tex.Cr.App. 1991) (death caused by "striking with [his] feet and hands" clearly gave notice); *Mixon v. State*, 804 S.W.2d 107 (Tex.Cr.App. 1991) (death caused by "unknown object" provides notice); *Speering v. State*, 797 S.W.2d 36 (Tex.Cr.App.1990) ("death by stabbing with a knife" provides notice); *Gilbert v. State*, 769 S.W.2d 535 (Tex.Cr. App.1989) ("serious bodily injury caused by placing complainant in hot liquid" provides

notice); *Mitchell v. State*, 821 S.W.2d 420 (Tex.App.—Austin 1991, pet. ref'd) (causing "serious bodily injury ... by causing the motor vehicle to collide with a fixed object" provides notice).

The allegation in the indictment charging Applicant with causing the death of an individual by "causing the [Applicant's] motor vehicle to collide with the vehicle driven by [the deceased]" clearly gave notice that the State would attempt to prove the Applicant's motor vehicle was used as a deadly weapon and, consequently, that the prosecution would seek an affirmative finding as to Applicant's use of the deadly weapon. The notice requirement espoused in *Ex Parte Patterson*, is satisfied.[1]

Therefore, the relief Applicant prays for is hereby denied.

OVERSTREET, J., concurs in the result.

1. The sufficiency of evidence to support a finding of a deadly weapon is not before us.