11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Laura Leann Ford 

Appellant

Vs.                   No. 
11-02-00315-CR C
Appeal from Taylor County

State of Texas 

Appellee

 

Laura
Leann Ford entered an open plea of guilty to the charge of intoxicated
manslaughter.  See TEX. PENAL
CODE ANN. ' 49.08 (Vernon 2003).  The jury convicted appellant and assessed
her punishment at confinement for a term of 17 years in the Institutional
Division of the Texas Department of Criminal Justice.  The jury also made an affirmative finding that appellant used or
exhibited a deadly weapon, to-wit: an automobile, during the commission of the
offense.  See TEX. CODE CRIM.
PRO. ANN. art. 42.12, '
3g(a)(2) (Vernon Supp. 2003); TEX. GOV=T CODE ANN. '
508.145(d) (Vernon Supp. 2003). 
Appellant raises three issues on appeal, challenging the punishment
imposed by the jury.  We affirm.

Appellant=s first issue addresses the manner in which
the trial court responded to a note from the jury.  The clerk=s record contains a note signed by the presiding juror which asks the
following question: “If we assess X number of years plus one day will the
defendant be required to serve the full number of years in order to serve the
extra ‘day?’”  The trial court responded
to the note as follows:  “Ladies and
Gentlemen: I cannot answer any questions about how much time the defendant will
be required to serve.  You must rely on
the instructions in the charge.”

Appellant
contends that the trial court erred by failing to comply with the procedural
requirements of TEX. CODE CRIM. PRO. ANN. art. 36.27 (Vernon 1981) when it
responded to the jury=s
note.  Article 36.27 provides, among
other things, that the trial court shall: 








[A]nswer any such communication [from the
jury] in writing, and before giving such answer to the jury shall use
reasonable diligence to secure the presence of the defendant and his counsel,
and shall first submit the question and also submit his answer to the same to
the defendant or his counsel or objections and exceptions, in the same manner
as any other written instructions are submitted to such counsel, before the
court gives such answer to the jury, but if he is unable to secure the presence
of the defendant and his counsel, then he shall proceed to answer the same as
he deems proper. The written instruction or answer to the communication shall
be read in open court unless expressly waived by the defendant. 

 

Assuming, without
deciding, that the trial court failed to comply with Article 36.27 or that
appellant preserved error regarding her contention, the trial court did not
commit reversible error with respect to the jury=s note.[1]   The Court of Criminal Appeals has held
that, where the communication between the court and the jury does not amount to
additional instructions, noncompliance with the provisions 

of Article 36.27 does not
constitute reversible error.  McFarland
v. State, 928 S.W.2d 482, 517‑18 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119 (1997).  The
trial court=s response of  A[y]ou must rely on the instructions in the
charge@ does not constitute an additional
instruction.  McFarland v. State,
supra at 517-518; Nacol v. State, 590 S.W.2d 481, 486
(Tex.Cr.App.1979)(jury instructed:  AYou are only to consider what is contained in
the charge@). 
Appellant=s first issue is overruled.  








In her
second issue, appellant attacks the affirmative deadly weapon finding by
arguing that the State failed to provide sufficient notice of its intent to
seek the finding.  An accused is
entitled to notice from the State that the use and exhibition of a deadly
weapon will be a fact issue at the time of the prosecution.  Ex parte Brooks, 847 S.W.2d 247, 248
(Tex.Cr.App.1993).  The notice or the
State=s pleadings must be in writing.  Ex parte Brooks, supra at
248.  The written notice given may be
independent of the indictment.  Ex
parte Patterson, 740 S.W.2d 766, 773-74 (Tex.Cr.App.1987).     The
record reflects that the State provided appellant with sufficient notice of its
intent to seek an affirmative deadly weapon finding.  The indictment charged appellant with the following conduct: “[Appellant]
did then and there by accident and mistake while operating a motor vehicle in a
public place while intoxicated, and by reason of that intoxication caused the
death of an individual.” An allegation in an indictment charging a defendant
with causing the death of an individual by the use of a motor vehicle gives
sufficient notice of the State=s intent to seek a deadly weapon finding.  Ex parte McKithan, 838 S.W.2d 560, 561
(Tex.Cr.App.1992)(reviewing an indictment alleging involuntary manslaughter by
driving while intoxicated). 
Additionally, appellant=s trial counsel  stated in open
court that the State had provided appellant with written notice of its intent
to seek a deadly weapon finding prior to trial.  Furthermore, appellant executed a sworn stipulation of evidence
prior to trial wherein she acknowledged using and exhibiting a motor vehicle as
a deadly weapon during the commission of the offense.  Appellant=s second issue is overruled.

Appellant
contends in her third issue that the trial court erred in failing to instruct
the jury on the State=s
burden of proof for extraneous offenses even though she did not request the
instruction. Appellant directs the court=s attention to the following items of extraneous offense evidence
offered by the State: (1) testimony elicited from appellant=s probation officer about appellant=s use of marihuana while on probation for a
previous offense; and (2) testimony elicited from appellant=s father-in-law regarding her alleged drug
and alcohol abuse and instances of physical abuse of her children.  

A trial
court must submit a charge setting forth “the law applicable to the case.”  TEX. CODE CRIM. PRO. ANN. art. 36.14 (Vernon
Supp. 2003). The law applicable to the case concerning extraneous crimes
requires proof beyond a reasonable doubt and an instruction to that effect
regardless of whether the instruction is requested.  See TEX. CODE CRIM. PRO. ANN. art. 37.07,
' 3 (Vernon Supp. 2003); Huizar v. State,
12 S.W.3d 479, 484 (Tex.Cr.App.2000). 
Failing to give this instruction constitutes statutory error and, thus,
requires analysis under Almanza v. State, 686 S.W.2d 157 (Tex.Cr.App.1985).  Huizar v. State, supra at 482‑83.  

Under Almanza,
the reviewing court must first ascertain whether the error was preserved by
objection at trial. Almanza v. State, supra at 171.  An unpreserved complaint will not constitute
reversible error unless the error was so damaging that the defendant was denied
“a fair and impartial trial.” Arline v. State, 721 S.W.2d 348, 351
(Tex.Cr.App.1986).  Thus, a defendant
can only obtain a reversal if the error caused “egregious” harm to the
defendant.  Arline v. State, supra
at 351.  In reviewing any alleged harm
against a defendant, the court must consider the impact of the omission of the
instruction rather than the impact of the admission of the extraneous offense
evidence.  Ellison v. State, 86
S.W.3d 226, 228 (Tex.Cr.App.2002).  A
court must measure the degree of harm in “light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information.” Almanza
v. State, supra at 171.








Appellant=s conviction arises out of a one-vehicle
automobile accident occurring in a rural area late at night.  The accident occurred as appellant was
driving the decedent home from a bar in the decedent=s car. 
Appellant and the decedent were the only occupants of the car.  The police officers that investigated the
accident testified that the vehicle first collided with a pipe fence after it
ran off of the highway.  It then struck
a clump of mesquite trees and a road sign. 
The vehicle came to a stop 311 feet from the point that it left the
highway.  The officers did not find any
skid marks indicating that the vehicle=s brakes were applied at any point in the collision.   

The  passenger=s side of the car sustained severe damage as a result of the
accident.  The driver=s side of the car remained intact.   Prior to the arrival of other persons at
the accident scene, appellant moved the decedent=s body from the passenger=s side of the car to the driver=s side of the car.  Appellant
then left the scene of the accident.

A group of
teenagers, who were the first to pass by, discovered the wrecked car.  They did not observe either of the occupants
during their initial inspection of the car. 
They subsequently located the decedent=s body on the ground by the driver=s side of the car.   As the
teenagers waited for the arrival of the investigating officers, appellant
returned to the accident scene.   Upon
her arrival, appellant accused the teenagers of killing the decedent.  One of the teenagers later overheard
appellant say that an unknown male was driving the decedent=s car at the time of the accident.  When questioned by the investigating
officers, appellant denied being in the car at the time of the accident.  She appeared to be intoxicated at the
accident scene.  She also appeared to
have cuts and bruises consistent with being in a recent automobile
collision.  

Appellant
testified in her own behalf at trial in the hopes of obtaining a probated
sentence.  She admitted to driving the
car at the time of the accident.  She
further admitted to moving the decedent=s body after the accident.[2]  She also admitted to lying to the police
about the accident. Appellant asserted that she was remorseful and that
probation would be an appropriate sentence. 
She requested probation because she needed to care for her three young
children.








The State
countered appellant=s
request for a probated sentence by presenting evidence that appellant had
failed to comply with the terms and conditions of a prior probated
sentence.  Appellant was on probation at
the time of the accident for a misdemeanor marihuana charge.  Appellant=s probation officers testified that she committed numerous violations
of the terms and conditions of her probation. 
One of the violations included testing positive for marihuana while on
probation.  Appellant admitted to using
marihuana while on probation.   

The State
called appellant=s father-in-law as a rebuttal witness to
counter appellant=s
contentions regarding the need to care for her children.  The father-in-law testified that appellant
and his stepson met each other while both were patients in a drug abuse
center.  He had observed appellant under
the influence of alcohol and illicit drugs on several occasions while in the
presence of her children.  He also
testified that he had observed appellant being violent with her children.  Appellant admitted to being the subject of
an investigation by Child Protective Services regarding the care of her
children.  

We
conclude that the omission of the extraneous offense instruction from the
charge did not cause egregious harm.  
Appellant admitted committing many of the instances of extraneous
conduct discussed at trial.  
Furthermore, the prosecutor placed little emphasis on the extraneous
offense testimony in his closing argument. 
Appellant=s third issue is overruled.

The
judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF
JUSTICE

 

September 25, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.

 











     [1]The
reporter=s record does not contain any reference to the jury=s note. 
Furthermore, appellant did not bring the alleged error to the trial
court=s attention at any time.  





     [2]Appellant
testified that she moved the body to the driver=s
side of the car because the available moonlight was brighter on the driver=s side.