COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-064-CR

 

 

JOSE FELIX HERRERA                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In two points, Appellant Jose
Felix Herrera argues that the evidence was legally and factually insufficient
to support the trial court=s
finding that his car was used as a deadly weapon in his conviction for
intoxication assault.  We affirm.








Appellant acknowledges that the trial court=s
finding was correct under the current construction of Texas Penal Code
section 1.07 in existing case law.  See
Tex. Penal Code Ann. ' 1.07
(Vernon 2003).  Nonetheless, Appellant
contends that the statute should be construed to provide that the evidence will
not support a finding that a motor vehicle is a deadly weapon unless it shows
that the defendant intended to cause death or serious bodily injury.

This court is bound by precedent from the Texas
Court of Criminal Appeals holding that no intent is required for a deadly
weapon finding.  See Tyra v. State, 897
S.W.2d 796, 798 (Tex. Crim. App. 1995) (holding that driving an automobile in a
manner capable of causing death or serious bodily injury makes it a deadly
weapon); Ex parte McKithan, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992)
(holding that a motor vehicle, in the manner of its use or intended use, is
clearly capable of causing death or serious bodily injury and therefore can be
a deadly weapon).  Accordingly,
we hold that the evidence is legally and factually sufficient to support the
trial court=s deadly weapon finding.[2]  Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment. 

BOB MCCOY

JUSTICE

 

PANEL A:   HOLMAN, GARDNER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: September 27, 2007








 











[1]See Tex.
R. App. P.
47.4.





[2]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979);  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).