# NO. 12-07-00308-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***MICHAEL CLYDE JONES,*** *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| ***THE STATE OF TEXAS,*** *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

***MEMORANDUM OPINION***

Michael Clyde Jones appeals from his conviction for evading arrest with a vehicle. In one issue, he argues that the vehicle he was driving was not a deadly weapon. We affirm.

### BACKGROUND

A citizen called the police after she heard screaming coming from Appellant's car and observed him striking his female passenger several times. The citizen tried to follow Appellant's car, but he drove away at a high rate of speed, and she could not keep up with him. Independently, Jason Seaton, an officer with the Tyler Police Department, was driving home on US Highway 69 when he saw Appellant driving erratically and causing other vehicles on the roadway to take evasive action.

Brian Richards, a City of Bullard police officer, was dispatched in response to the call from the citizen. He located Appellant, still on Highway 69, and attempted to pull him over. Appellant did not oblige. The resulting chase was captured on videotape and shows Appellant turning across Highway 69, a four lane highway separated by a turn lane at that location, narrowly avoiding a motorcycle, and continuing on at a high rate of speed down one and two lane county roads. At one point, Appellant stopped his vehicle, and a passenger got out. He continued his flight from the officer, crossing the center line on several occasions, disregarding at least one stop sign, and finally abandoning the vehicle

at the end of a dirt road.

Appellant was charged with the state jail felony offense of evading arrest with a vehicle. The indictment further alleged that he had twice before been convicted of felony offenses and that the vehicle he drove was a deadly weapon. The jury found him guilty as charged. Appellant admitted that he had previously been convicted of the felony offenses, and the jury found that Appellant's vehicle was a deadly weapon. The jury assessed punishment at imprisonment for seventy–five years. This appeal followed.

## DEADLY WEAPON FINDING

In a single issue, Appellant argues that the evidence was factually insufficient to support the finding that his vehicle was a deadly weapon. Specifically, he argues that while he traveled in excess of 100 miles per hour and an officer testified that cars had to swerve to avoid him, there was not sufficient evidence that another person was in danger of death or serious bodily injury.

### Standard of Review

We review the factual sufficiency of the evidence to determine whether, considering all the evidence in a neutral light, the evidence supporting the conviction is too weak to withstand scrutiny or the great weight and preponderance of the evidence contradicts the jury's verdict to the extent that the verdict is clearly wrong and manifestly unjust. *See **Watson v. State***, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006). In doing so, we must first assume that the evidence is legally sufficient under the ***Jackson v. Virginia***[1] standard. *See **Clewis v. State***, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all of the evidence that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *See **Santellan v. State***, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

Our role is that of appellate review, and the fact finder is the judge of the weight and credibility of a witness's testimony. ***Wesbrook v. State***, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. ***Sharp v. State***, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When we review the factual sufficiency of the evidence, we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the

---

[1] ***Jackson v. Virginia***, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)

2

verdict. *See Clewis*, 922 S.W.2d at 133. But our evaluation should not substantially intrude upon the jury's role as the judge of the weight and credibility of witness testimony. *See Santellan*, 939 S.W.2d at 164.

**Applicable Law**

A deadly weapon is "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury" as well as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(A), (B) (Vernon Supp. 2007). "Serious bodily injury" is bodily injury that "creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id*. § 1.07(a)(46).

A motor vehicle may be a deadly weapon depending on the circumstances surrounding its use. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992). However, not every vehicle used to evade arrest is a deadly weapon. *Drichas*, 175 S.W.3d at 799 ("We do not suggest that a defendant should be charged with using a vehicle as a deadly weapon every time the offense of evading arrest or detention is committed."). Instead, to sustain the finding, there must be evidence to show that the vehicle was capable of causing death or serious bodily injury to another person. *Id*. (citing *Williams v. State*, 946 S.W.2d 432, 435–36 (Tex. App.–Fort Worth 1997), *rev'd in part on other grounds*, 970 S.W.2d 566 (Tex. Crim. App. 1998)). This capability can be shown if "there was someone present who was placed in danger of serious bodily injury or death." *Williams*, 946 S.W.2d at 435.

**Analysis**

The jury was asked during the punishment phase of the trial whether Appellant used a deadly weapon. *See Lefleur v. State*, 106 S.W.3d 91, 94–96 (Tex. Crim. App. 2003). The jury found that Appellant used a deadly weapon, and the trial court recorded that finding in the judgment. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.01(21) (Vernon 2005), 42.12 § 3g(a)(2) (Vernon Supp. 2007).

There was ample evidence of both hypothetical and actual danger created by Appellant's use of the vehicle. While fleeing from the police, at speeds that reached 100 miles per hour, Appellant crossed into the oncoming lanes of traffic around blind curves and paid no heed to traffic control

3

measures. There were not cars in Appellant's path when he did these things, and so these are hypothetical dangers.[2] *See **Olivas v. State***, 202 S.W.3d 137, 147 (Tex. Crim. App. 2006); ***Cates v. State***, 102 S.W.3d 735, 738–39 (Tex. Crim. App. 2003).

But there was also actual danger to other people. At the beginning of the chase, Appellant began to move into the center turning lane, only to move back into his own lane to avoid a collision with a truck. When he crossed Highway 69 moments later, Appellant narrowly missed a motorcycle. Other traffic was oncoming, and Appellant took the turn so quickly that he almost lost control of his vehicle. The pursuit then moved to county roads where Appellant overtook at least one vehicle, and another had to move into a driveway to get out of his way. He also encountered several oncoming vehicles while traveling at a high rate of speed and not keeping solely to his own lane. Furthermore, his passenger testified that Appellant let her out of the car for her own safety.

Appellant's vehicle, in the way he used it, was capable of causing serious bodily injury or death to the motorists he passed, drove around, or darted between as he sought to elude the police. The jury heard the testimony of the officers and viewed a videotape of the pursuit. Their determination that Appellant's vehicle, in the way it was used, was a deadly weapon is supported by the evidence and is not clearly wrong or manifestly unjust. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

BRIAN HOYLE

Justice

Opinion delivered July 23, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] The State does not argue that Appellant's passenger or the police officer was put at risk.

4