NO. 12-07-00308-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MICHAEL CLYDE JONES,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Michael Clyde Jones appeals from his conviction for evading arrest with a vehicle. In one issue,
he argues that the vehicle he was driving was not a deadly weapon. We affirm.


Background

 A citizen called the police after she heard screaming coming from Appellant's car and observed
him striking his female passenger several times. The citizen tried to follow Appellant's car, but he
drove away at a high rate of speed, and she could not keep up with him. Independently, Jason Seaton,
an officer with the Tyler Police Department, was driving home on US Highway 69 when he saw
Appellant driving erratically and causing other vehicles on the roadway to take evasive action.

 Brian Richards, a City of Bullard police officer, was dispatched in response to the call from the
citizen. He located Appellant, still on Highway 69, and attempted to pull him over. Appellant did not
oblige. The resulting chase was captured on videotape and shows Appellant turning across Highway
69, a four lane highway separated by a turn lane at that location, narrowly avoiding a motorcycle, and
continuing on at a high rate of speed down one and two lane county roads. At one point, Appellant
stopped his vehicle, and a passenger got out. He continued his flight from the officer, crossing the
center line on several occasions, disregarding at least one stop sign, and finally abandoning the vehicle
at the end of a dirt road.

 Appellant was charged with the state jail felony offense of evading arrest with a vehicle. The
indictment further alleged that he had twice before been convicted of felony offenses and that the
vehicle he drove was a deadly weapon. The jury found him guilty as charged. Appellant admitted that
he had previously been convicted of the felony offenses, and the jury found that Appellant's vehicle was
a deadly weapon. The jury assessed punishment at imprisonment for seventy-five years. This appeal
followed. 


Deadly Weapon Finding

 In a single issue, Appellant argues that the evidence was factually insufficient to support the
finding that his vehicle was a deadly weapon. Specifically, he argues that while he traveled in excess
of 100 miles per hour and an officer testified that cars had to swerve to avoid him, there was not
sufficient evidence that another person was in danger of death or serious bodily injury.

Standard of Review

 We review the factual sufficiency of the evidence to determine whether, considering all the
evidence in a neutral light, the evidence supporting the conviction is too weak to withstand scrutiny or
the great weight and preponderance of the evidence contradicts the jury's verdict to the extent that the
verdict is clearly wrong and manifestly unjust. See Watson v. State, 204 S.W.3d 404, 414-15, 417
(Tex. Crim. App. 2006). In doing so, we must first assume that the evidence is legally sufficient under
the Jackson v. Virginia (1) standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence that tends to prove the existence of the elemental fact in dispute
and compare it to the evidence that tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997). 

 Our role is that of appellate review, and the fact finder is the judge of the weight and credibility
of a witness's testimony. Wesbrook v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000). The fact
finder may choose to believe all, some, or none of a witness's testimony. Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). When we review the factual sufficiency of the evidence, we are
authorized to disagree with the jury's determination, even if probative evidence exists that supports the
verdict. See Clewis, 922 S.W.2d at 133. But our evaluation should not substantially intrude upon the
jury's role as the judge of the weight and credibility of witness testimony. See Santellan, 939 S.W.2d
at 164.

Applicable Law

 A deadly weapon is "a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury" as well as "anything that in the manner of its use
or intended use is capable of causing death or serious bodily injury." Tex. Penal Code
Ann. § 1.07(a)(17)(A), (B) (Vernon Supp. 2007). "Serious bodily injury" is bodily injury that "creates
a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or
impairment of the function of any bodily member or organ." Id. § 1.07(a)(46). 

 A motor vehicle may be a deadly weapon depending on the circumstances surrounding its use. 
Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); Ex parte McKithan, 838 S.W.2d 560,
561 (Tex. Crim. App. 1992). However, not every vehicle used to evade arrest is a deadly weapon. 
Drichas, 175 S.W.3d at 799 ("We do not suggest that a defendant should be charged with using a
vehicle as a deadly weapon every time the offense of evading arrest or detention is committed."). 
Instead, to sustain the finding, there must be evidence to show that the vehicle was capable of causing
death or serious bodily injury to another person. Id. (citing Williams v. State, 946 S.W.2d 432, 435-36
(Tex. App.-Fort Worth 1997), rev'd in part on other grounds, 970 S.W.2d 566 (Tex. Crim. App.
1998)). This capability can be shown if "there was someone present who was placed in danger of
serious bodily injury or death." Williams, 946 S.W.2d at 435.

Analysis

 The jury was asked during the punishment phase of the trial whether Appellant used a deadly
weapon. See Lefleur v. State, 106 S.W.3d 91, 94-96 (Tex. Crim. App. 2003). The jury found that
Appellant used a deadly weapon, and the trial court recorded that finding in the judgment. See Tex.
Code Crim. Proc. Ann. arts. 42.01(21) (Vernon 2005), 42.12 § 3g(a)(2) (Vernon Supp. 2007). 

 There was ample evidence of both hypothetical and actual danger created by Appellant's use
of the vehicle. While fleeing from the police, at speeds that reached 100 miles per hour, Appellant
crossed into the oncoming lanes of traffic around blind curves and paid no heed to traffic control
measures. There were not cars in Appellant's path when he did these things, and so these are
hypothetical dangers. (2) See Olivas v. State, 202 S.W.3d 137, 147 (Tex. Crim. App. 2006); Cates v.
State, 102 S.W.3d 735, 738-39 (Tex. Crim. App. 2003).

 But there was also actual danger to other people. At the beginning of the chase, Appellant began
to move into the center turning lane, only to move back into his own lane to avoid a collision with a
truck. When he crossed Highway 69 moments later, Appellant narrowly missed a motorcycle. Other
traffic was oncoming, and Appellant took the turn so quickly that he almost lost control of his vehicle. 
The pursuit then moved to county roads where Appellant overtook at least one vehicle, and another had
to move into a driveway to get out of his way. He also encountered several oncoming vehicles while
traveling at a high rate of speed and not keeping solely to his own lane. Furthermore, his passenger
testified that Appellant let her out of the car for her own safety. 

 Appellant's vehicle, in the way he used it, was capable of causing serious bodily injury or death
to the motorists he passed, drove around, or darted between as he sought to elude the police. The jury
heard the testimony of the officers and viewed a videotape of the pursuit. Their determination that
Appellant's vehicle, in the way it was used, was a deadly weapon is supported by the evidence and is
not clearly wrong or manifestly unjust. We overrule Appellant's sole issue.


Disposition

 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

 BRIAN HOYLE 

 Justice

Opinion delivered July 23, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(DO NOT PUBLISH)
1. Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)
2. The State does not argue that Appellant's passenger or the police officer was put at risk.