# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00241-CR

**Scott Lief Erickson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2012-091, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On May 31, 2010, appellant, Scott Lief Erickson, was driving intoxicated with a blood-alcohol content of 0.33 when he rear-ended another vehicle, causing minimal damage to that vehicle but substantial damage to his own vehicle. Fortunately, appellant neither seriously injured himself nor the occupants of the other vehicle. At trial, appellant pleaded guilty to felony driving while intoxicated (DWI), Tex. Penal Code §§ 49.04, .09(b)(2), not guilty to use of a deadly weapon during commission of the offense, *id*. § 1.07(a)(17)(B), and true to an enhancement paragraph relating to a prior felony conviction, *id*. § 12.42(a). The jury found appellant guilty, found that he had used a deadly weapon, and ultimately assessed a sentence of 15 years' imprisonment. On appeal, appellant challenges only the sufficiency of the evidence to support the jury's finding that his motor vehicle was used or exhibited as a deadly weapon. We will affirm.

An object may be either a "deadly weapon" by design, if it is "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," *id.* § 1.07(a)(17)(A), or by use, if "in the manner of its use or intended use [it] is capable of causing death or serious bodily injury," *id*. § 1.07(a)(17)(B). The Texas Court of Criminal Appeals has held that, under the foregoing definition, a motor vehicle may become a deadly weapon if in the *manner of its use* it is capable of causing death or serious bodily injury. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992). "Specific intent to use a motor vehicle as a deadly weapon is not required." *Drichas*, 175 S.W.3d at 798.

In *Mann v. State*, the court of criminal appeals held that Texas law authorizes a deadly weapon finding in a prosecution for DWI when evidence shows that the danger to other persons was real, not just hypothetical. 58 S.W.3d 132, 132 (Tex. Crim. App. 2001) (classification of vehicle as deadly weapon was proper because testimony showed defendant "almost hit another vehicle head-on" and would have but for other driver's evasive actions); *see also Woodall v. State*, No. 03-05-00850-CR, 2008 WL 3539997, at *2 (Tex. App.—Austin Aug. 14, 2008, pet. ref'd) (mem. op., not designated for publication) (near collision where defendant swerved into neighboring lane traveling 45 mph was sufficient to sustain jury's finding that defendant used vehicle as deadly weapon).

The court of criminal appeals elaborated on the *Mann* holding in *Sierra v. State*, articulating a two-prong test to determine whether a motor vehicle is a deadly weapon under the particular circumstances by considering: (1) the manner in which the defendant used the motor vehicle during the offense, and (2) whether during the offense the motor vehicle was capable of

causing death or serious bodily injury. 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). As to the first prong, the court held that the evidence must be such that a rational fact-finder could conclude that the defendant was driving recklessly or dangerously while intoxicated. *Id*. at 256. In *Sierra*, evidence that the defendant was speeding and that he made no effort to brake to avoid colliding with another vehicle, even though he had ample space to do so, was sufficient to support the jury's determination that his driving was dangerous and reckless. *Id*. Regarding the second prong, the court held that a rational jury could have concluded that the defendant's vehicle was capable of causing death or serious bodily injury because the record established that the vehicle *did* cause serious bodily injury to the driver of the other vehicle. *Id.*

In the present case, the record contains ample evidence that appellant operated his vehicle in a reckless and dangerous manner. First and foremost, there was testimony of an *actual* collision between appellant's vehicle and another vehicle with two occupants, as well as testimony that traffic in the area was busy, that appellant's blood-alcohol level was more than four times the legal limit for intoxication, and that appellant took his eyes off the road to look at his cellular phone at the time of the collision. The jury also saw video of the responding officer administering several standard field sobriety tests to appellant, evidencing appellant's impaired motor skills. Therefore, we hold that the first prong of the *Sierra* test is met. It was reasonable for the jury to conclude that appellant's driving was dangerous and reckless while intoxicated.

As to the second prong, the record is replete with evidence that others were actually endangered by appellant's act of driving his vehicle while intoxicated. The jury heard evidence that the collision was forceful enough to throw both occupants of the other vehicle against their seats and

saw photographs of the vehicles involved in the collision showing the degree of damage done to both vehicles as a result of the collision. Moreover, appellant expressly admitted in his testimony that his vehicle would have been capable of killing someone, given the speed he was traveling and the degree of damage done to the two vehicles involved. Based on this evidence, a rational jury could conclude that appellant's vehicle, in the manner he operated it, was capable of causing death or serious bodily injury. We hold that the second prong of the *Sierra* test was met.

Viewing the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to support the jury's finding that appellant's vehicle was, in the manner of its use, a "deadly weapon." *See Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (appellate court views evidence in light most favorable to verdict to determine whether any rational trier of fact could have found essential elements of offense beyond reasonable doubt) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). We therefore overrule appellant's sole appellate issue and affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   August 21, 2014

Do Not Publish

4