

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00016-CR

LAWRENCE PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 361st District Court
Brazos County, Texas[1]
Trial Court No. 12-05502-CRF-361, Honorable Steven Lee Smith, Presiding

October 22, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Lawrence Pena, was convicted by a jury of the felony offense of driving while intoxicated—third or greater offense—with an affirmative finding of a deadly weapon, to wit: a motor vehicle.[2]  He was sentenced to thirty years in the

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals in Waco.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2014).  In connection with the same incident, appellant was also charged with and convicted of possession of a controlled substance—cocaine—in an amount of less than one gram.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).  Appellant was sentenced to a ten-year prison term to run concurrently with the sentence imposed for DWI.  He does not challenge the possession conviction on appeal.

Institutional Division of the Texas Department of Criminal Justice. On appeal from that conviction, appellant challenges the sufficiency of the evidence to support the jury's affirmative finding of a deadly weapon. We will affirm.

Factual and Procedural History

On August 3, 2012, at approximately 11:00 p.m., motorist Melvin Scott called Brazos County 911 and reported that he had been hit from behind on Texas Avenue in Bryan, Texas, and reported that he was following behind the vehicle that hit him after the driver refused to stop. Scott surmised that the driver was intoxicated and described the vehicle, provided the vehicle's license plate number, and alerted police to the vehicles' whereabouts.

Officer Daniel Amaya stopped appellant, noted the front-end damage consistent with the collision reported by Scott, and, having observed signs that appellant was intoxicated, conducted field sobriety tests on appellant. Amaya concluded that the tests indicated that appellant was, in fact, intoxicated, and Amaya arrested him. Appellant consented to a blood draw which confirmed Amaya's conclusion that appellant was intoxicated, having had a blood alcohol content of 0.254 grams per 100 milliliters. Amaya's fellow officer, Christopher Reyes, investigated the collision and, based on his investigation, concluded that appellant failed to control his speed, struck Scott's vehicle from behind, and fled the scene of the collision.

Appellant was charged with the felony offense of driving while intoxicated, a third or greater offense. A Brazos County jury found appellant guilty of said offense and also found that, during the commission of said offense, appellant used or exhibited a deadly

2

weapon.  On appeal, appellant challenges the sufficiency of the evidence to support the jury's deadly-weapon finding.  We will affirm.

## Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction."  *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring).  We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*."  *Id.*  When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding.  *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review).  "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony."  *Id.* at 899.

Applicable Law

An object may be a "deadly weapon" by design, if it is "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West Supp. 2014). Or an object may be a deadly weapon by use, if "in the manner of its use or intended use [it] is capable of causing death or serious bodily injury." *See id.* § 1.07(a)(17)(B). Under the Texas Penal Code's definition, a motor vehicle may become a deadly weapon if in the manner of its use it is capable of causing death or serious bodily injury. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (en banc); *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (per curiam). "Specific intent to use a motor vehicle as a deadly weapon is not required." *Drichas*, 175 S.W.3d at 798.

The Texas Court of Criminal Appeals has held that Texas law authorizes a deadly-weapon finding in a prosecution for DWI when evidence shows that the danger to other persons was real, "not merely a hypothetical potential for danger if others had been present." *Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.—Austin 2000) (op. on reh'g), *aff'd*, 58 S.W.3d 132, 132 (Tex. Crim. App. 2001) (concluding that classification of vehicle as deadly weapon was proper when evidence showed defendant "almost hit another vehicle head-on" and would have done so but for other driver's evasive actions). The court developed a two-prong test to employ to determine whether sufficient evidence supports a deadly-weapon finding in the DWI context. *See Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). First, a reviewing court considers the manner in which the defendant used the motor vehicle during the offense. *See id.* Second, the court considers whether, during the offense, the motor vehicle was capable

4

of causing death or serious bodily injury. *See id.* As to the first prong, the *Sierra* court held that the evidence must be such that a rational fact-finder could conclude that the defendant was driving recklessly or dangerously while intoxicated. *Id.* at 256.

In *Sierra*, the evidence revealed that the defendant was speeding and that he made no effort to brake to avoid colliding with another vehicle, even though he had ample space to do so. *See id.* Such evidence was sufficient to support the jury's determination that the defendant's driving was dangerous and reckless, satisfying the first prong of the test. *See id.* Regarding the second prong, the court held that a rational jury could have concluded that the defendant's vehicle was capable of causing death or serious bodily injury because the record established that the vehicle did, in fact, cause serious bodily injury to the driver of the other vehicle. *See id.*

Analysis

Here, the record demonstrates that appellant operated his vehicle in a reckless and dangerous manner. Most obviously in support of that conclusion is that appellant actually collided with Scott's vehicle. *See Erickson v. State*, No. 03-13-00241-CR, 2014 Tex. App. LEXIS 9217, at *4 (Tex. App.—Austin Aug. 21, 2014, no pet.) (mem. op., not designated for publication) (citing "testimony of an *actual* collision between appellant's vehicle and another vehicle" as evidence of reckless and dangerous manner in which appellant operated vehicle). Specifically, Officer Reyes testified that appellant failed to control his speed and such failure caused him to rear-end Scott's vehicle. We also learn from Scott's call to dispatch that, during the time Scott was following appellant's vehicle, appellant "just ran over a curb" and was "fixing to run over somebody else's

5

yard" as appellant drove through a residential neighborhood at night, all the while having a blood alcohol content of 0.254 grams per 100 milliliters of blood, more than three times the legal limit. Certainly, based on such evidence, the jury could have concluded that appellant was driving recklessly or dangerously while intoxicated. *See Sierra*, 280 S.W.3d at 256.

As to the second prong of the *Sierra* test, the record also shows that, during the offense, appellant's motor vehicle was capable of causing death or serious bodily injury. First, we have testimony from Officer Reyes, having been trained and experienced in accident investigations, that, during the offense, appellant's vehicle was capable of causing death or serious bodily injury, even if appellant was driving at a slow speed. *See Mann*, 13 S.W.3d at 92 (concluding that evidence was sufficient to support deadly-weapon finding in DWI context and relying, in part, on opinion testimony by an officer experienced in reconstructing accidents that a collision under the circumstances in that case was capable of causing death or serious bodily injury). Further, having established that appellant actually collided with another vehicle establishes that the threat to others was real rather than hypothetical. *See id.*; *see also Erickson*, 2014 Tex. App. LEXIS 9217, at *4–5.

Appellant contends that the evidence failed to show that the danger posed to others by appellant's drunk driving was real rather than hypothetical by emphasizing that, for seventeen minutes while officers were trying to determine his whereabouts, appellant had no subsequent accidents. While that outcome is certainly fortunate given the level of intoxication and the residential nature of the area in which he was driving, that evidence does not negate the fact that appellant actually *did collide* with Scott's

6

vehicle.  Such evidence of an actual collision is sufficient to show that the danger posed by appellant's intoxicated driving was real rather than hypothetical.  That Scott did not suffer serious injuries was also fortunate, indeed.  But, without question, the danger posed to Scott, having been rear-ended by appellant, was most certainly real.  *See Mann*, 13 S.W.3d at 92.  Viewed in a light most favorable to the jury's verdict, the evidence is sufficient to support the jury's affirmative deadly-weapon finding.

## Conclusion

Having overruled appellant's sole point of error on appeal, we affirm the trial court's judgment of conviction.  *See* TEX. R. APP. P. 43.2(a).



Mackey K. Hancock
Justice

Do not publish.