**Affirmed; Opinion Filed July 30, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00260-CR

**STEVEN LENARD HAMES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F16-76067-I**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

Steven Lenard Hames appeals his conviction for aggravated assault of a public servant. The jury assessed punishment at fifty years' imprisonment. On appeal, appellant contends that the evidence is insufficient to support the conviction. We affirm.

## BACKGROUND

Officers Colton Ables, Eric Zimmerman and Daniel Higginson responded to an assault in progress call at a hotel in Mesquite. The officers were a given a description of the suspect and the suspect's vehicle. Ables and Zimmerman were riding together; Higginson was in a separate vehicle. When Ables pulled into the parking lot of the hotel, he saw a vehicle matching the description and activated his overhead lights. The vehicle drove around him and Higginson became the lead in a chase that lasted about ten minutes. Ables testified that during the chase, appellant drove erratically like he was trying to get away. Zimmerman testified that it was not the

typical evading arrest kind of driving because instead of driving as fast as possible to get the officers to stop chasing him, he drove through the parking lots of various businesses and ended up driving in circles.

The chase ended when appellant drove behind a strip shopping center into an enclosed area with only one entrance or exit. Ables pulled his vehicle behind Higginson's vehicle, leaving room on the right side of Higginson's vehicle for appellant's vehicle to pass through and exit.[1] As the officers got out of their vehicles, appellant backed up and struck Higginson's and then a cement post. All three officers shouted at appellant to stop. Appellant drove forward, with tires squealing, into the enclosed area and turned his vehicle around so that it was facing the officers. As appellant accelerated, the officers opened fire. Appellant's vehicle then swerved past the officers into a wall. The officers removed appellant from the car, gave him medical care, and arrested him. A video of the chase was recorded on Ables's in-car dash camera and on the body cameras worn by both Ables and Zimmerman.

## ANALYSIS

In his sole issue, appellant contends that the evidence is insufficient to support the conviction. We disagree.

In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 313 (1979); *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact-finder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App.

---

[1] The department's policy required officers involved in a chase not to block the suspect in an enclosed area and to leave room for the suspect to escape.

2007). We defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Brooks,* 323 S.W.3d at 899.

Knowledge and intent may be inferred from the person's acts, words, and conduct, as well as the surrounding circumstances. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Parramore v. State*, 853 S.W.2d 741, 745 (Tex. App.—Corpus Christi–Edinburg 1993, pet. ref'd).

A person commits the offense of aggravated assault if he intentionally or knowingly threatens another with imminent bodily injury and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. §§ 22.01(a)(2) (West Supp. 2017), 22.02(a)(2) (West 2011). When a person commits aggravated assault against a person he knows is a public servant lawfully discharging an official duty, the offense is a first degree felony. *Id.* at § 22.02(b)(2)(B). A motor vehicle may become a deadly weapon if the manner of its use is capable of causing death or serious bodily injury. *Ex part McKithan,* 838 S.W.2d 560, 561 (Tex. Crim. App. 1992).

Appellant relies on the video of the offense to demonstrate that there was insufficient evidence to support his conviction. Appellant claims that the video shows that appellant was not driving towards the officers because the direction that the tires were turned indicates his intent to drive out of the area through a gap between the squad car and the sidewalk. The argument that appellant was merely trying to get out of the area and was not trying to run over the officers was presented at trial and rejected by the jury. The record shows that during deliberations, the jury viewed videos numerous times before reaching a verdict. The videos show the vehicle accelerating as it drove towards the officers with tires squealing and the officers moving out of the way of the vehicle. The videos also show the officers shouting repeatedly for appellant to stop.

In addition to the videos of the offense, the jury heard the testimony of the officers. Ables testified that when appellant hit Higginson's vehicle, he feared for Higginson's life because of the danger of Higginson being run over. Ables testified that when appellant was screeching his tires and accelerating with the vehicle heading towards the officers after he had already hit Higginson's vehicle, he feared he and the other officers were going to be run over. Zimmerman testified that it appeared to him that appellant was driving straight at the officers based on the way he lined his vehicle up and accelerated; that when he heard the wheels squealing like they could be heard on the video, he thought that appellant was ready to drive right at the officers. Zimmerman also testified that he believed appellant was intentionally trying to run into the officers because he had already shown them that he was willing to do it once by hitting Higginson's vehicle. Zimmerman testified that when he discharged his firearm, he was concerned for his and the safety the other officers safety.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally or knowingly threatened the officers with imminent bodily injury. *See Martinez v. State*, Nos. 01-06-01164-CR, 01-06-01165-CR, 2008 WL 4427660 (Tex. App.—Houston [1st Dist.] Oct. 2, 2008, pet. ref'd) (not designated for publication) (officer's testimony that he feared he was in danger of being run over by appellant when the vehicle sped towards him and had only seconds to jump out of the way sufficient to overcome evidence that the only way out of the parking lot was through the passageway where the officer stood). We overrule appellant's sole issue.

# CONCLUSION

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170260F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN LENARD HAMES, Appellant

No. 05-17-00260-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F16-76067-I.
Opinion delivered by Justice Evans, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of July, 2018.