

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00100-CR

---

**RAY ROBLES, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-1154, Honorable William R. Eichman II, Presiding

---

August 6, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Ray Robles, Appellant, was convicted of the offense of evading arrest with a vehicle.[1] In this appeal, he challenges the sufficiency of the evidence to support the trial court's affirmative finding that he used the vehicle as a deadly weapon. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a).

## BACKGROUND

In May of 2023, a Lubbock police officer on patrol spotted a silver Nissan vehicle that had just been reported as stolen. She followed the vehicle and called for a backup unit. After a second officer arrived, both units followed the stolen vehicle into a restaurant parking lot and activated their lights and sirens in an attempt to stop it. Appellant, who was driving the stolen vehicle, accelerated through the parking lot then drove toward an apartment complex, where he made evasive maneuvers. The officers continued to follow him. Appellant drove "really recklessly," exiting the apartment complex parking lot by driving across a grassy area. He entered Loop 289 by "jump[ing] over through the median." One officer testified that as Appellant drove, he almost caused multiple collisions. Appellant drove eastbound on the Loop, speeding and swerving around other traffic. At one point, the pursuing officers reached a speed of 100 miles per hour. As the second officer pulled up next to Appellant, Appellant intentionally collided with the officer's patrol car, causing both vehicles to exit the roadway. Appellant's vehicle rolled over and came to a stop. The driver's door of the patrol car was crushed, forcing the officer to break the passenger side window to exit. Appellant was then arrested.

Appellant pleaded guilty to evading arrest with a vehicle and pleaded "true" to two enhancement allegations regarding prior felony convictions. During the punishment phase, the State showed videos from the body cameras and dash cameras of officers involved in the incident. Following the presentation of evidence, the trial court made an affirmative finding that Appellant used the vehicle as a deadly weapon. The trial court sentenced Appellant to thirty-five years' confinement in the Texas Department of Criminal Justice.

**ANALYSIS**

In Appellant's sole issue on appeal, he contends that the trial court erred in making a deadly weapon finding, claiming that the evidence is not sufficient to show that his use of the vehicle was capable of causing death or serious bodily injury. In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We are mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining proper application of single evidentiary standard of review).

An object may be a deadly weapon by use if "in the manner of its use or intended use [it] is capable of causing death or serious bodily injury." *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B). To sustain a deadly weapon finding, the evidence must show that an object that meets the definition of a deadly weapon was used or exhibited during the transaction on which the felony conviction was based and other people were placed in

actual danger. *Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014). Under the Texas Penal Code, a motor vehicle may become a deadly weapon if in the manner of its use it is capable of causing death or serious bodily injury. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (en banc); *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (per curiam). "Specific intent to use a motor vehicle as a deadly weapon is not required." *Drichas*, 175 S.W.3d at 798.

Here, the trial court heard evidence that Appellant drove in a reckless and dangerous manner while evading law enforcement. He drove across the grassy area in an apartment complex, drove across a median, and reached a speed of around 100 miles per hour, passing numerous other motorists. He eventually collided with a patrol car, damaging both vehicles and causing them to exit the roadway. The officer involved testified that it appeared as if Appellant was trying to run him off the road and the officer felt actual danger at the time. The officer agreed with the prosecutor's statements that (1) the way Appellant was driving could have caused serious bodily injury or death and (2) the passenger in Appellant's vehicle, the people at the apartment complex, and other motorists on the roadway were in actual danger because of the way Appellant used the vehicle.

"[A] deadly weapon finding is appropriate on a sufficient showing of actual danger, such as evidence that another motorist was on the highway at the same time and place as the defendant when the defendant drove in a dangerous manner." *Drichas*, 175 S.W.3d at 799. In making the deadly weapon finding, the trial court noted Appellant's erratic driving through the parking lot of the apartment complex and high speed on the highway and concluded that Appellant put other people in danger.

4

Looking at the evidence in the light most favorable to the prosecution, a rational factfinder was permitted to conclude that Appellant's driving was dangerous, reckless, and capable of causing serious bodily injury. We conclude that the evidence is sufficient to support the trial court's finding that Appellant used the vehicle as a deadly weapon. *See id.* at 798. We overrule Appellant's issue.

## CONCLUSION

Having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.