# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00619-CR

**Ty Johnston, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT NO. 2001-043, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING

## O P I N I O N

A jury found appellant, Ty Johnston, guilty of intentionally or knowingly causing bodily injury to a child and made an affirmative finding that appellant had used a cigarette as a deadly weapon. *See* Tex. Pen. Code Ann. § 22.04(a)(1), (f) (West 2003); *see also* Tex. Crim. Proc. Code Ann. art. 42.12, § 3g(a)(2) (West Supp. 2002). In this appeal, appellant argues that the evidence is legally and factually insufficient to support the jury's deadly weapon finding and that the trial court erred by admitting irrelevant evidence. We will modify the judgment of conviction to delete the jury's deadly weapon finding and affirm the judgment as modified.

## BACKGROUND

On May 23, 2000, complainant C.T., a three-year-old boy, accompanied his mother, Crystal Johnston, his sister, A.S., and appellant, C.T.'s stepfather, to South Austin Community Hospital. Mrs. Johnston was experiencing labor pains. The admitting nurse observed that C.T. appeared bruised and ill and took him for an examination. In addition to other injuries, C.T. had a single cigarette burn on the palm of his hand. The burn left only a cosmetic scar, and the State admits that C.T. suffered no serious bodily injury as a result. Hospital personnel concluded that C.T. had been physically abused and notified both the Austin Police and Child Protective Services. During interviews with a police detective and a CPS investigator, appellant admitted that he had intentionally burned C.T. with a single lit cigarette.

The State sought two indictments. The first indictment alleged five counts of serious bodily injury and bodily injury to C.T. and his sister, A.S. Tex. Pen. Code Ann. § 22.04(a)(1), (3). Appellant was convicted of those counts and sentenced to forty-five years' imprisonment. That conviction is not the subject of this appeal. The second indictment involved in this case alleged a single episode of bodily injury to a child with a deadly weapon allegation involving a single cigarette burn to the palm of the hand. *Id.* § 22.04(a)(3); Tex. Crim. Proc. Code Ann. art. 42.12, § 3g(a)(2). A jury found appellant guilty of the bodily injury offense and made an affirmative finding that appellant had used a cigarette as a deadly weapon. The jury sentenced appellant to ten years' imprisonment and ordered appellant to pay a $5,000 fine. In this appeal from a conviction entered under the second indictment, appellant argues that: (1) the evidence is legally and factually

2

insufficient to support the jury's affirmative finding that the cigarette used was a deadly weapon, and (2) the trial court erred by admitting photographs of injuries to A.S. at trial.

## DISCUSSION

The trier of fact determines whether an object has been used as a deadly weapon during the commission of a felony-offense. Tex. Crim. Proc. Code Ann. art. 42.12, § 3g(a)(2). A jury's deadly weapon finding affects a defendant's eligibility for probation and parole. *Id.*, Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2003). A deadly weapon is defined as:

> a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Tex. Pen. Code Ann. § 1.07(a)(17) (West 2003). Serious bodily injury is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46). Appellant argues that the evidence is legally and factually insufficient to support the jury's finding that, in the manner of its use or intended use, the lit cigarette was capable of causing death or serious bodily injury.

In conducting a legal sufficiency review, we ask whether, after viewing all the evidence in the light most favorable to the adjudication, any rational trier of fact could have found the essential fact beyond a reasonable doubt. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.—Austin 1994, pet. ref'd). We do not realign, disregard, or weigh the

3

evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.—Austin 1997, no pet.). The trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001).

Appellant contends that the State failed to prove that the lit cigarette was capable of causing death or serious bodily injury *as used* or *as intended to be used* by appellant in this case. Because the actual use of the cigarette involved a single burn to C.T.'s hand on one occasion, appellant argues that the State failed to prove that *this use* of a cigarette was capable of causing death or serious bodily injury. The State admits that C.T. suffered no serious bodily injury as a result of the cigarette burn. Appellant argues that any risk of serious bodily injury, such as serious disfigurement or permanent impairment, was too speculative to support the finding.

The State replies that a deadly weapon finding does not hinge on the object's use or intended use in a particular criminal episode, but on the object's *capability* of causing death or serious bodily injury. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (butcher knife used in aggravated robbery a deadly weapon because accused intended to use it as a deadly weapon). The State presented evidence that, if used in certain ways, a lit cigarette could *hypothetically* cause serious bodily injury. The State contends that a lit cigarette's inherent potential for serious bodily injury is sufficient to support a jury's deadly weapon finding.

*McCain*, however, does not stand for the proposition that an object's hypothetical capability of causing serious bodily injury is sufficient to support an affirmative deadly weapon finding. In *McCain*, the Court of Criminal Appeals made clear that an affirmative deadly weapon

4

finding must be based on the specific facts of the specific criminal episode. *Id.*, 22 S.W.3d at 503 ("an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury.")

We have addressed this issue based on analogous facts in *Rodriguez v. State*, 31 S.W.3d 772 (Tex. App.—Austin 2000, no pet.). In *Rodriguez*, the State sought to prove that cocaine constituted a deadly weapon in a prosecution for delivery of cocaine to a minor. *Id.* at 776. The State presented testimony that cocaine was a lethal substance which could potentially cause death or serious bodily injury to first time users. *Id.* at 778. Defendant "used" the cocaine during the offense by placing it on a flat surface, chopping it with a razor blade, and arranging it into lines. *Id.* at 779. This Court held that because there was no evidence either that defendant forced the minor to ingest the cocaine or as to the potency of the cocaine, the State failed to prove that the defendant's intended use of the cocaine, preparing the cocaine for recreational use, was sufficient to support an affirmative finding that the cocaine had been used as a deadly weapon. *Id.*

An alleged deadly weapon's capability of causing death or serious bodily injury in the manner of its use must be evaluated in light of the facts that actually existed when the felony was committed. *Id.* As in *Rodriquez*, the State relied on expert testimony regarding the object in question's potential for causing serious bodily injury in hypothetical situations. Like the cocaine in *Rodriguez*, the lit cigarette in this case could only be capable of causing death or serious bodily injury if used in a manner different from that supported by the record. Appellant used a cigarette to make a single burn on the palm of C.T.'s hand. It is undisputed that the resulting injury was not serious, and the State offered no evidence that *this* use of a lighted cigarette was capable of causing

5

serious bodily injury. Further, the State offered no evidence that the appellant *intended* to use the cigarette in any other manner that would have been capable of causing serious bodily injury. The fact that appellant *could* have caused serious bodily injury if he had used, or intended to use, the cigarette in a way other than he actually did does not support a deadly weapon finding.

While a deadly weapon finding does not require that the object actually cause death or serious bodily injury, it does require that the object have more than a hypothetical capability of causing death or serious bodily injury. A deadly weapon finding must be supported by evidence relating directly to the circumstances of the criminal episode. We hold that the evidence is legally insufficient to support the finding that a single lit cigarette was a deadly weapon in the manner of its use or intended use by appellant and sustain appellant's first issue. Having sustained appellant's legal sufficiency point, we need not address appellant's factual sufficiency challenge.

In his third point, appellant contends that the trial court erroneously admitted photographs of injuries to C.T.'s sister, A.S., because they were irrelevant to the alleged offense. *See* Tex. R. Evid. 404(b). At trial, defense counsel called Mrs. Johnston as a witness. Counsel sought to introduce Mrs. Johnston's prior testimony at the hearing to terminate her parental rights, during which Mrs. Johnston had testified that she inflicted the cigarette burn by accident. However, when called as a witness at appellant's criminal trial, she recanted her earlier testimony and testified that appellant had in fact intentionally burned C.T. with a cigarette on the occasion in question. Further, on cross-examination by the State, Mrs. Johnston testified about the abuse appellant had inflicted upon both C.T. and A.S. Defense counsel did not object to Mrs. Johnston's testimony regarding appellant's abuse of A.S. The State then sought to admit photographs of A.S.'s injuries.

6

Appellant objected that the photographs of A.S.'s injuries were not relevant to the issue of the cigarette burn to C.T.'s hand. The trial court overruled the objection and admitted the photographs.

Appellant contends that the State must show that the evidence has relevance apart from showing that appellant acted according to his general criminal propensities. *See* Tex. R. Evid. 404(b); *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998). Appellant argues that the State failed to demonstrate that the photographs of A.S.'s injuries had a purpose other than showing appellant acted in conformity with his character and had no logical relevance to the question of whether appellant burned C.T.

The State replies that it may offer evidence of appellant's acts against victims other than the complainant for various legitimate purposes, including rebuttal of defensive theory and absence of mistake. *See* Tex. R. Evid. 404; *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). The State argues that the photographs of A.S.'s injuries had two relevant purposes: (1) to rebut the defensive theory that Mrs. Johnston had inflicted C.T.'s injuries, and (2) to demonstrate absence of mistake by showing appellant's pattern of abuse against both children.

We review the trial court's admission of evidence for an abuse of discretion. *Patton v. State*, 25 S.W.3d 387, 394 (Tex. App.—Austin 2000, pet. ref'd). The evidence showing that appellant's injury to C.T. was part of a larger pattern of abuse is relevant as to absence of mistake and rebuttal of appellant's defensive theory. Furthermore, it rebuts any implication drawn by defense counsel that the burn was accidentally inflicted by Mrs. Johnston. We cannot say that the trial court abused its discretion by admitting photographs of A.S.'s injuries.

7

**CONCLUSION**

Because there was legally insufficient evidence to support the jury's deadly weapon finding, we sustain appellant's first point. Accordingly, the district court's judgment is modified to delete the affirmative finding that a deadly weapon was used during the commission of the offense. *See Williams v. State*, 970 S.W.2d 566 (Tex. Crim. App. 1998) (remedy when affirmative finding erroneously made). As modified, the judgment is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Modified and, as Modified, Affirmed

Filed:   August 29, 2003

Publish