

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00144-CR

_____

**RICKY LYNN MILLS,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

_____

**From the 40th District Court
Ellis County, Texas
Trial Court No. 35319CR**

_____

# O P I N I O N

_____

Ricky Lynn Mills was charged and convicted of aggravated assault with a deadly

weapon.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).  He was sentenced to 35

years in prison.  Because the evidence is sufficient to sustain the conviction, the trial

court's judgment is affirmed.

### BACKGROUND

Mills moved to Waxahachie from Oklahoma and lived in a trailer at a trailer park

managed by his aunt and uncle.  His uncle, Jackie Burton, got Mills a job.  In September

of 2010, and after being taken to and left at a different job location, Mills became upset. He called Burton to pick him up and take him back to the primary business location. Mills became more agitated and quit his job. Burton told Mills that was no way to leave a job. Mills then became angry at Burton because Burton would not "take up for him." Over the course of the evening, Mills would go to Burton's house, make threats, leave, return, and make more threats. At one point, Mills threatened to "gut" Burton "like a pig."

Later that evening, as Burton was leaving his house to get cigarettes, he saw Mills on the road screaming at him and threatening to kill him. When Burton got into his van,[1] Mills parked his pickup in the middle of the road, ran up to Burton's van, and punched Burton in the face through the open window. Mills then ran back to his pickup. Burton cut across his yard in the van rather than go out the driveway because Mills had blocked the road. Mills again ran over to the van and in front of it. Burton ended up bumping Mills with the van but did not knock him down. Mills ran back to his pickup. When Burton maneuvered onto Parks Schoolhouse Road and stopped at the stop sign at Highway 287, he saw Mills drive his pickup into a ditch to turn it around and drive up behind Burton. He hit the van's rear bumper and kept pressure on it until Burton could, after traffic on the highway cleared, quickly cross the highway.

---

[1] From the pictures introduced into evidence, the van appears to be a "mini-van" not a full-sized van.

## SUFFICIENCY OF THE EVIDENCE

In three issues, Mills contends that the trial court erred in denying his motion for a directed verdict because the evidence is insufficient to prove the elements of the offense alleged. Specifically, Mills argues that the evidence is insufficient to prove that a threat occurred and that the pickup used by Mills was a deadly weapon. We review an issue complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v.*

*State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

As applied to this case, the crime of aggravated assault is an assault under Section 22.01, and the person uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. § 1.07(a)(17)(B) (West Supp. 2011). Further, as also applied to this case, a person commits an assault if the person intentionally or knowingly threatens another with imminent bodily injury. *Id*. § 22.01(a)(2) (West 2011). This type of assault is conduct-oriented, focusing upon the act of making a threat, regardless of any result that threat might cause. *Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008).

*Threat*

Mills appears to argue initially that the State's proof of a threat fails because Burton's van was not actually pushed into the oncoming traffic.

After threatening to kill Burton and punching Burton in the face, Mills hit[2] the rear bumper of Burton's van with Mills' pickup while Burton was stopped at a stop sign at the intersection of Parks Schoolhouse Road and Highway 287. Burton was on Parks Schoolhouse Road and was waiting to cross the highway. He felt pressure on the van by Mills' pickup. Mills could not push the van at the time because Burton had his foot on the brake. Burton believed that had he not been pushing down on the brake, Mills would have pushed Burton's van into oncoming traffic. Burton was scared. He said Mills was so out of it that Burton did not know what Mills was going to do. As soon as he saw a break in traffic, Burton quickly crossed Highway 287. Burton's wife saw the encounter between Burton and Mills from the front door of their home. It was obvious to her that Mills was trying to shove Burton into oncoming traffic. She was afraid for her husband and called 9-1-1. Photographs were introduced that showed damage in the form of scratches and dents to the van's back bumper.

It was the pushing of the vehicle in the direction of the traffic on Highway 287 that was the threat of imminent bodily injury which constituted the assault. Because this is a conduct-oriented type of assault, we focus on the act of making a threat,

---

[2] Burton referred to the contact as "tapped," "hit," and "bumped." He explained that his education was not very good and it was just a matter of the way he talked.

regardless of the result that threat may or may not cause. *See Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008). Here, the threat, and therefore the assault, was the act of pushing, regardless of whether or not Burton was actually pushed into traffic. Thus, the evidence was sufficient to prove a threat.

### *Deadly Weapon*

Mills next argues that the evidence was insufficient to prove he used a deadly weapon. Specifically, Mills argues that he did not *use* his pickup as a deadly weapon because he did not push Burton into oncoming traffic and that the pickup was not *capable* of causing death or serious bodily injury.

Case law has made it clear that the word "anything" in the definition of a deadly weapon means just that: anything. *See Guzman v. State*, 188 S.W.3d 185, 198 (Tex. Crim. App. 2006) (Keller, P.J., concurring). Objects that are not usually considered deadly weapons may become so, depending on the manner in which they are used during the commission of an offense. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991) (*i.e*. "automobiles, telephone cords, bathwater, feather pillows, golf clubs or shanks"); *Bailey v. State*, No. 10-07-00381-CR, 2008 Tex. App. LEXIS 9392 (Tex. App.—Waco Dec. 17, 2008, pet. ref'd) (mem. op.) (skillet). Deadly weapons can include vehicles. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); *Mechell v. State*, No. 10-1-00416-CR, 2011 Tex. App. LEXIS 7529, *8-9 ___ S.W.3d ___ (Tex. App.—Waco Sept. 14, 2011, pet. ref'd).

Mills first argues that the evidence was insufficient because the pickup was not *used* in that he did not actually push Burton into oncoming traffic. In support of this argument, he relies on the Court of Criminal Appeals' decision in *Cates v. State*, 102 S.W.3d 735 (Tex. Crim. App. 2003). In *Cates*, the defendant had been charged with the offense of failure to stop and render aid after having struck and killed a person on a roadway and then leaving the scene. To sustain a deadly weapon finding, there must be evidence that others were actually endangered, not "merely a hypothetical potential for danger if others had been present." *Id*. at 738. The Court of Criminal Appeals reversed the affirmation of the deadly weapon finding because there was no evidence that anyone was endangered while the defendant left the scene of the accident. *Id*. at 738-739.

Mills contends that the facts of his case are similar to *Cates* because Mills did not actually push Burton into oncoming traffic with his pickup. We disagree with Mills' contention. As we stated previously, the act of pushing, regardless of the result, was the threat which constituted the assault. Further, it is either the use *or intended use* of an object which can make it a deadly weapon. TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2011); *see McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); *Mechell v. State*, No. 10-1-00416-CR, 2011 Tex. App. LEXIS 7529, ___ S.W.3d ___ (Tex. App.—Waco Sept. 14, 2011, pet. ref'd). We agree that evidence of a hypothetical potential for danger if others had been present is insufficient to support a deadly

weapon finding. However, in this case, both Burton and his wife testified that Mills was trying to push Burton into oncoming traffic on Highway 287. Burton believed Mills was going to push him in front of an 18-wheeler. Only when there was a break in traffic did Burton take the opportunity to get away from Mills and cross the highway. The danger was not hypothetical. We find the evidence sufficient to prove Mills used or intended to use his pickup to cause Burton, and others on Highway 287, death or serious bodily injury.

Mills next argues that the evidence was insufficient to prove that the pickup was *capable* of causing death or serious bodily injury where the evidence showed only a hypothetical capability because there was no evidence that Mills actually pushed the van into oncoming traffic.

The placement of the word "capable" is crucial to understanding the definition in determining deadly-weapon status applicable to this case. *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008) (citing *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000)). The State is not required to show that the use or intended use *causes* death or serious bodily injury but that the use or intended use is *capable* of causing death or serious bodily injury. *Id*. (Emphasis added).

Mills relies on the Austin Court of Appeals' opinion in *Johnston v. State*, 115 S.W.3d 761 (Tex. App.—Austin 2003), *aff'd on other grounds*, 145 S.W.3d 215 (Tex. Crim. App. 2004) to support his argument. In *Johnston*, the State alleged a single episode of

bodily injury to a child with a deadly weapon allegation involving a single cigarette burn to the palm of the child's hand. *Johnston*, 115 S.W.3d 761, 762. The State relied on expert testimony regarding the cigarette's potential for causing serious bodily injury in situations other than the episode alleged. *Id*. at 764. The Austin Court held that the evidence was insufficient because the lit cigarette could only be capable of causing death or serious bodily injury if used in a manner different from that supported by the record. *Id*. The court of appeals stated:

> Appellant used a cigarette to make a single burn on the palm of C.T.'s hand. It is undisputed that the resulting injury was not serious, and the State offered no evidence that this use of a lighted cigarette was capable of causing serious bodily injury. Further, the State offered no evidence that the appellant intended to use the cigarette in any other manner that would have been capable of causing serious bodily injury. The fact that appellant could have caused serious bodily injury if he had used, or intended to use, the cigarette in a way other than he actually did does not support a deadly weapon finding.

*Id*. at 764.

In this case, however, the facts that existed when the offense was committed are sufficient to show the intended use of the pickup was capable of causing death or serious bodily injury. Again, that Mills did not succeed in pushing Burton's van into oncoming traffic is of no consequence. We find the evidence, previously summarized, sufficient to prove that Mills' pickup was capable of causing death or serious bodily injury.

## CONCLUSION

Accordingly, because we find the evidence sufficient to support the elements complained of, Mills' three issues on appeal are overruled. The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 6, 2012
Publish
[CRPM]