**Affirmed and Memorandum Opinion filed April 19, 2016.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-15-00030-CR

---

**MIGUEL MACIAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 427th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-DC-13-30173**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Miguel Macias, of aggravated assault against a public servant. The jury sentenced Appellant to 32 years in prison. Appellant brings three issues on appeal complaining the evidence is insufficient to show Appellant used or exhibited a deadly weapon, that the trial court abused its discretion in permitting an officer to give his opinion regarding the crash

investigation, and the evidence is insufficient to support Appellant's conviction.[1] We affirm.

## I. BACKGROUND

On August 31, 2013, Officer Shane Cunningham of the Austin Police Department, responded to a suspected burglary at the Johnson Supply Company, located in Austin, Texas. As Officer Cunningham approached the site in a marked police patrol unit, he noticed a suspect loading items into the backseat of a vehicle parked next to the building driven by Appellant. The officer activated his overhead lights and drove up to the scene to perform a modified felony car stop.

Upon seeing the officer, the vehicle driven by Appellant backed up and hit a dumpster. Appellant's vehicle then pulled forward, in a possible attempt to escape, and struck the front of the officer's patrol car. After being struck, the officer partially exited his vehicle with one foot on the ground and one foot in his car and drew his firearm. Appellant backed up slightly, and in another possible attempt to escape, drove forward, striking the officer's patrol car for a second time. The officer then yelled for the suspects to put their hands up. Instead of heeding the officer's commands, Appellant accelerated, pushing the officer's patrol car backward. Immediately upon feeling his patrol car move backward, and still being only half-way in his vehicle, Officer Cunningham fired. As his car moved backward, Officer Cunningham fired 15 consecutive shots toward Appellant before the back of his patrol car struck a tree, bringing both vehicles to a halt.

---

[1] This appeal was transferred to the Fourteenth Court of Appeals from the Third Court of Appeals. In cases transferred by the Supreme Court of Texas from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under the principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3

## II. ANALYSIS

### A. The Evidence Is Legally Sufficient to Prove that Appellant's Vehicle Was Used or Exhibited as a Deadly Weapon

In Appellant's first point of error, Appellant contends that the evidence is insufficient to prove that his vehicle was used or exhibited as a deadly weapon.

In conducting a legal sufficiency review, we ask whether, after viewing all the evidence in the light most favorable to the adjudication, any rational trier of fact could have found the essential fact beyond a reasonable doubt. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Griffin v. State*, 614 S.W.2d 155, 158–59 (Tex. Crim. App. 1981); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.—Austin 1994, pet. ref'd). We do not realign, disregard, or weigh the evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.—Austin 1997, no pet.). The trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001). Essentially, we must determine "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *See Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

The Texas Code of Criminal Procedure "authorizes a deadly weapon finding upon sufficient evidence that a defendant 'used or exhibited' a deadly weapon during the commission of or flight from a felony offense." *See Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (citing Tex. Crim. Proc. Code Ann. art. 42.12 § 3g(a)(2) (West Supp. 2015)). A deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See* Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2015).

"The trier of fact determines whether an object has been used as a deadly weapon during the commission of a felony-offense." *See Johnston v. State*, 115 S.W.3d 761, 762 (Tex. App. —Austin 2003), *aff'd*, 145 S.W.3d 215 (Tex. Crim. App. 2004). In this case, the jury answered the deadly weapon finding affirmatively.

"Objects that are not usually considered dangerous weapons may become so, depending on the manner in which they are used during the commission of an offense." *Drichas*, 175 S.W.3d at 798 (citing *Thomas v. State* 821 S.W.2d 616, 620 (Tex. Crim. App. 1991)). "A motor vehicle may become a deadly weapon if the manner of its use is *capable* of causing death or serious bodily injury." *Id.* (citing *Ex Parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (emphasis added)). "Specific intent to use a motor vehicle as a deadly weapon is not required." *Id.* (citing *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000)).

Appellant relies on the Court of Criminal Appeals' decision in *Cates v. State*, 102 S.W.3d 735 (Tex. Crim. App. 2003) to support his argument. In *Cates*, the driver of a truck was convicted for failing to stop and render aid to a pedestrian whom he killed after striking the pedestrian with his car. *Id.* at 736–37. The Court had to decide whether Cates used or exhibited his truck as a deadly weapon after striking the pedestrian, since he was convicted of failing to stop and render aid. *Id.* at 737.

The Court held that the testimony of two witnesses, stating they drove between 85 and 90 miles per hours to catch up with Cates, was no evidence of how fast Cates was driving. *Id.* at 738. The Court noted that no other cars were on the road and the truck stopped at a traffic light, refuting any conclusion that Cates drove dangerously. The Court further noted that the "chase" ended quickly, and that there was "no evidence in [the] record that anyone was actually endangered by the truck while it left the scene of the accident." *Id.* The Court stated, "[t]o sustain

a deadly weapon finding, there must be evidence that others were actually endangered, not merely a *hypothetical* potential for danger if others had been present." *Id.* (emphasis added).

Appellant argues that, like in *Cates*, there is no evidence that anyone was put in actual danger. Appellant states that the officer's airbags never deployed, that the officer may not have had his car in park or the emergency brake employed when the patrol car was pushed back, and the car was only pushed back for a few seconds and thus, there was only a hypothetical potential for danger, no actual danger.

We disagree that the potential for danger was merely hypothetical. The officer's dash cam footage amply supports an inference that the manner in which Appellant operated the vehicle rendered it capable of causing serious bodily injury. It shows the officer drive up on the suspect vehicle in a large, otherwise empty parking lot. After backing the car up a small amount, Appellant drove the vehicle directly into the officer's vehicle. The officer's dash cam footage shows Appellant's vehicle striking the officer's vehicle, continuing to move forward while a revving engine is audible. Further, when asked what concerned him about his patrol car being pushed back by Appellant's car, the officer testified:

> Well, at this point I'm moving backwards and not in control of my vehicle and the other vehicle is not stopping. I'm basically riding with an opened car door. I'm riding the vehicle backwards. If I fall out of this car now, I could get rolled over under my car, my door, his car. There are all kinds of bad things that could happen.

Officer Cunningham considered Appellant to be an immediate threat and shot at Appellant to stop the threat. However, Appellant's car continued to push Officer Cunningham's car backward until it collided with a large tree. Thus, the State presented evidence from which the jury could have found that Appellant's car posed an actual danger to Officer Cunningham, not merely a hypothetical

5

danger.

The evidence presented demonstrates that Appellant's car was capable of causing death or serious bodily injury to Officer Cunningham. We find the evidence in this case, viewed in the light most favorable to the jury finding, supports the conclusion that a rational trier of fact could have found that Appellant's vehicle was used or exhibited as a deadly weapon. Appellant's first point of error is overruled.

## B. The Alleged Error in Permitting Officer Jones to Give His "Acceleration" Opinion Was Neither Preserved Nor Harmful

In Appellant's second point of error, he contends that the trial court abused its discretion in permitting Officer Jones, a crash investigator for the Austin Police Department, to give his opinion that Appellant accelerated his vehicle toward Officer Cunningham's patrol car. Specifically, Appellant argues that because Officer Jones was not qualified as an expert, his Texas Rule of Evidence 701 lay opinion on culpable mental state, without personal knowledge, was inadmissible. *See Fairow v. State*, 943 S.W.2d 895, 898–99 (Tex. Crim. App. 1997) (holding that a lay opinion of culpable mental state may be admissible if the proponent establishes personal knowledge of facts from which an opinion regarding mental state may be drawn). The State responds that Officer Jones was, in fact, an expert and, in any event, the alleged error was harmless.

We first review the testimony complained of and Appellant's objection in the trial court. At trial, Officer Jones testified that he is a crash investigator, not an accident reconstructionist. Officer Jones described his training, including a vehicle dynamics class. Prior to Officer Jones offering any expert opinion, Appellant's counsel objected and argued that "he can give testimony about what he collected and what the length of the, say, tire marks were or something like that, I don't

6

think he can give an opinion as to what it was that occurred." "[I]f he wants to talk about what he documented at the scene, that's fine." But, according to counsel, Officer Jones does not have "the expertise" to reach conclusions. In response to defense counsel's objection to Officer Jones's testimony, the trial court stated Jones would be allowed "to testify as to his observations and conclusions based on his training."

However, on appeal Appellant is not arguing that Officer Jones was not qualified as an accident reconstructionist. Appellant does not argue that Officer Jones's training or the vehicle dynamics class he took was insufficient to allow him to provide Rule 702 expert conclusions based upon his observations—as Appellant did in the trial court. Instead, relying upon *Fairow*, Appellant urges the court erred in allowing Jones to "give his opinion that Appellant accelerated his vehicle toward Cunningham's patrol car, implying that Appellant acted intentionally or knowingly." Specifically, Appellant points to Officer Jones's lack of personal knowledge, and argues that *Fairow* forbids lay testimony on culpable mental state[2] without first establishing some personal knowledge. *See id.* However, at the trial court, Appellant did not argue that Officer Jones's testimony was tantamount to an opinion on Appellant's culpable mental state or otherwise complain about the admissibility of Officer Jones's testimony under Rule 701.

We conclude that Appellant has failed to preserve the only evidentiary issue he brings on appeal: the complaint about Officer Jones's lack of personal knowledge to provide a lay opinion under Texas Rule of Evidence 701. This issue does not comport with his objection before the trial court that Officer Jones lacked

---

[2] Appellant concedes, as he must, that Officer Jones never actually testified about Appellant's culpable mental state. He simply argues that the acceleration testimony was improper because it *implied* culpable mental state. Appellant has not cited and we have not found any case in which *Fairow* rendered inadmissible factual testimony from which a jury might reasonably infer culpable mental state.

the knowledge, skill experience, training, or education to provide an opinion on acceleration from the physical evidence. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (holding that a complaint on appeal must comport with the objection made at trial).

Even if we considered Appellant's complaint about the admission of Officer Jones's testimony, we would conclude that any error in its admission is, under either theory, harmless. Generally, a violation of the rules of evidence that results in the erroneous admission of evidence is non-constitutional error and is analyzed for harm pursuant to Texas Rule of Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In conducting an analysis under Rule 44.2(b), we examine the entire proceeding to determine whether the alleged error had a "substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction should not be overturned for non-constitutional error if we determine the error did not influence the jury or had but very slight effect. *See Johnson*, 967 S.W.2d at 417. If we have "grave doubts" about whether an error affected the outcome, we must treat the error as if it did. *Webb v. State*, 36 S.W.3d 164, 182 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Considering factors such as whether the evidence was merely cumulative or whether the other evidence of guilt was overwhelming, we have previously held error harmless where the trial court permitted a police officer to testify as to his opinion of the defendant's culpable mental state. *See Taylor v. State*, 774 S.W.2d 31, 35 (Tex. App.—Houston [14th Dist.] 1989, pet ref'd).

Even if admitting Officer Jones's testimony about Appellant's vehicle accelerating was error, we would conclude, for the same reasons we did in *Taylor*, that the error is harmless in light of other evidence on the same subject admitted

without objection and the overwhelming evidence of guilt. As outlined above, the jury was able to view the dash cam footage that shows the entire sequence of events including Appellant's vehicle moving toward Officer Cunningham's stationary patrol car. Officer Cunningham testified as to what transpired and how he felt being pushed back by Appellant's car. Furthermore, Appellant presented testimony from Dr. Al Yonovitz, an audio expert, to analyze the audio of Officer Cunningham's dash cam video. From that dash cam video, Dr. Yonovitz used "state of the art software" to create an 18-second presentation for demonstrative purposes. As part of his testimony, he explained that one segment of his presentation shows the following: "Appellant hits the dumpster in the back, then drives forward. He does not stop. Then Officer Cunningham's car is moving forward and he does attempt to stop. And the car actually stops about .3 seconds before the impact. Appellant then accelerates forward. The engine revs and that's clearly audible and measurable. And then Officer Cunningham opens his door and yells get your hands up." Appellant's evidence of acceleration toward Officer Cunningham's stationary vehicle is the same subject as Officer's Jones's. Therefore, like in *Taylor*, Officer Jones's testimony was merely cumulative of other properly admitted evidence, and the conclusion that Appellant acted intentionally or knowingly was a reasonable inference given the abundant other evidence of guilt. Appellant's second point of error is overruled

## C. The Evidence Is Legally Sufficient to Prove that Appellant Committed Aggravated Assault on a Public Servant Intentionally or Knowingly

In Appellant's third point of error, Appellant contends that the only evidence that Appellant acted intentionally[3] or knowingly[4] came from Officer Jones. We

---

[3] The jury charge instructed that, "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."

disagree.

In assessing the legal sufficiency of the evidence to support a criminal conviction, the reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Hooper*, 214 S.W.3d at 13 (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). When the record supports conflicting inferences, we presume the jury resolved the conflicts in favor of the State and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In this case, the jury answered the question whether Appellant acted intentionally or knowingly in the affirmative.

"Intent may be inferred from circumstantial evidence such as the appellant's acts, words, and conduct." *Darkins v. State*, 430 S.W.3d 559, 565 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Here, Appellant's intent can be inferred from his acts and conduct. The jury heard from Officer Cunningham himself when he provided a description of what happened. Officer Cunningham stated he was moving backwards while partially in his vehicle, was not in control of his vehicle, and that Appellant's vehicle was not stopping as he was being pushed back. In support of Officer Cunningham's testimony, the jury watched several different videos showing Appellant's car pushing the officer's patrol car back until hitting a tree. The video evidence combined with Officer Cunningham's testimony could allow a reasonable jury to find the essential elements of aggravated assault against a public servant beyond a reasonable doubt.

---

[4] The jury charge instructed that, "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."

While the Appellant provided evidence that he was just trying to escape and not injure Officer Cunningham, the jury weighed this evidence against the State's evidence. The jury has the responsibility of weighing all the evidence, resolving any evidentiary conflicts, and drawing reasonable conclusions from the evidence presented at trial. *See Garcia*, 57 S.W.3d at 441. In light of the evidence presented and the reasonable inferences the jury was free to make, we conclude that the evidence is legally sufficient to show that Appellant committed aggravated assault against a public servant. Thus, Appellant's third point of error is overruled.

### III. CONCLUSION

Having overruled all of Appellant's issues on appeal, we affirm the trial court's judgment.


/s/    Ken Wise
Justice


Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).