

**IN THE**

**TENTH COURT OF APPEALS**

**No. 10-14-00245-CR**

**DAVID R. GRIFFITH,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Navarro County, Texas**
**Trial Court No. C-35408-CR**

**MEMORANDUM OPINION**

A jury found Appellant David Ray Griffith guilty of continuous sexual abuse of a child and assessed his punishment at thirty-eight years' incarceration. Griffith appeals in four issues. We will affirm.

The basic facts are not disputed. When Griffith's daughter A.G. was fourteen years old, she made an outcry of sexual abuse against him that was reported to Child Protective Services and the Navarro County Sheriff's Office. After Griffith's arrest, A.G. recanted her sexual-abuse claims and subsequently testified at trial that Griffith did not sexually

abuse her. The evidence against Griffith consisted of the testimony from outcry witnesses and others regarding A.G.'s initial claims of abuse, the CPS report regarding A.G.'s claims, and the video of Griffith's interview by law enforcement.

## Sufficiency of the Evidence

In his second issue, Griffith argues that the evidence is legally insufficient to support his conviction and that the trial court erred in denying his motion for directed verdict.

A challenge to a trial court's ruling on a motion for directed verdict is a challenge to the sufficiency of the evidence to support a conviction and is reviewed under the same standard. *See Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016); *see also Mills v. State*, 440 S.W.3d 69, 71 (Tex. App.—Waco 2012, pet. ref'd). The Court of Criminal Appeals has expressed our constitutional standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder "is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge for the case. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*.; *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001). The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

To prove continuous sexual abuse of a child in this case, the State was required to prove beyond a reasonable doubt that (1) Griffith committed two or more acts of sexual abuse during a period that was at least thirty days in duration, and (2) at the time of the acts of sexual abuse, Griffith was seventeen years of age or older and A.G. was a child younger than fourteen years of age. *See* TEX. PEN. CODE ANN. § 21.02(b) (West Supp. 2017);[1] *see also Buxton v. State*, 526 S.W.3d 666, 676 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). The State need not prove the exact dates of the abuse, only that "there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.).

There is no dispute that Griffith was over the age of seventeen at all times relevant to this case. Griffith specifically argues that there was insufficient evidence to establish that two or more acts of abuse occurred prior to A.G.'s fourteenth birthday and that, if those acts occurred, they were committed more than thirty days apart.

The evidence regarding what acts of sexual abuse occurred and when they occurred, came through the testimony of outcry witnesses Glenda Washburn, the mother of the friend whom A.G. first told of the abuse, and Lydia Bailey, a forensic investigator with the Children's Advocacy Center. As stated above, A.G. recanted her outcry statements. She testified that Griffith did not sexually abuse her at any time and that she had fabricated the allegations against him. A.G. also denied during her testimony that she told Washburn or Bailey that any acts of abuse occurred before her fourteenth

---

[1] The statute has been amended since proceedings began against Griffith, but none of those changes affected the statute's application to this case.

birthday. But, the outcry testimony of a child under the age of seventeen is alone sufficient to prove the allegations in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2017); *see also Saldaña v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd)*.* There is no requirement that the outcry testimony be corroborated or substantiated by the victim or by independent evidence. *Rodriguez v. State*, 819 S.W.2d 871, 874 (Tex. Crim. App. 1991); *see also Eubanks v. State*, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). If a child victim recants her outcry, "it is up to the fact finder to determine whether to believe the original statement or the recantation." *Saldaña*, 287 S.W.3d at 60 (citing *Chambers*, 805 S.W.2d at 461). The factfinder is fully entitled to disbelieve a witness's recantation. *Id.*

Bailey testified that A.G. told her that the first incident of sexual abuse by Griffith occurred during Spring Break in 2012 when A.G.'s family was living in a mobile home in Dawson, Texas. Washburn testified that A.G. also told her that the first incident of abuse occurred in Dawson. Bailey and Washburn further testified that A.G. told them that the subsequent incidents of abuse occurred after her family moved to Frost, Texas. Testimony from Donna Griffith, Griffith's wife and A.G.'s mother, and Brenda O'Pry, Donna's mother, established that the move to Frost occurred in January 2013. Seth Fuller, who investigated the case while a deputy with the Navarro County Sheriff's Office, testified that Spring Break in the Dawson schools was from March 18th through 22nd in 2012. A.G. was born on April 4, 1999; therefore, she turned thirteen on April 4, 2012. This evidence was, thus, sufficient for the jury to reasonably conclude beyond a reasonable doubt that the first incident of sexual abuse occurred prior to A.G.'s fourteenth birthday.

As noted, Bailey and Washburn testified that A.G. told them that subsequent acts of abuse occurred in Frost, Texas. Bailey further testified that A.G., in her outcry statement, had told Donna that Griffith had inappropriately touched her. Donna confirmed that A.G. made such an accusation, although she stated that she thought A.G. was hallucinating due to an overdose of Ambien. Donna also testified that she separated from Griffith after A.G.'s accusation—beginning sometime in January 2013 and lasting until May or June of that year—although she denied that A.G.'s outcry was the reason. Donna and O'Pry also testified that A.G. and her sisters went back and forth between O'Pry's house, where Donna had moved, and the Frost house, where Griffith remained, during the separation. The jury could reasonably have concluded from the foregoing testimony that Griffith sexually abused A.G. a second time between January 2013 and A.G.'s fourteenth birthday on April 4, 2013, and that the period of time between the two incidents of sexual abuse exceeded thirty days.

Having considered all of the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence presented for the jury to find beyond a reasonable doubt that Griffith committed two or more acts of sexual abuse against A.G. when she was younger than fourteen years of age and that the acts occurred more than thirty days apart. Griffith's second issue is overruled.

**Outcry Statements**

In his first issue, Griffith argues that the trial court erred in allowing witnesses to testify about outcry statements made by A.G. regarding offenses that were allegedly committed against her after she had turned fourteen years of age.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). Outcry testimony is viewed under the same standard. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *see also Jones v. State*, No. 10-13-00106-CR, 2014 WL 3556520, at *1 (Tex. App.—Waco Jul. 3, 2014, pet. ref'd) (mem. op., not designated for publication). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

Generally, hearsay statements are not admissible unless they fall within the exceptions provided in Rules of Evidence 803 or 804, or they are allowed "by other rules prescribed pursuant to statutory authority." *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011) (quoting TEX. R. EVID. 802). Article 38.072 of the Code of Criminal Procedure is one statutory authority that permits the admission of an out-of-court statement of a child sexual-abuse complainant "so long as that statement is a description of the offense and is offered into evidence by the first adult the complainant told of the

offense." *Id*.; s*ee also* TEX. CODE CRIM. PROC. ANN. art 38.072 (West Supp. 2017). "Outcry testimony admitted in compliance with article 38.072 is considered substantive evidence and is admissible for the truth of the matter asserted in the testimony." *Buentello v. State*, 512 S.W.3d 508, 518 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *see also Garrett v. State*, No. 12-15-00208-CR, 2017 WL 1075710, at *5 (Tex. App.—Tyler Mar. 22, 2017, no pet.) (mem. op., not designated for publication) (citing *Duran v. State*, 163 S.W.3d 253, 257 (Tex. App.—Fort Worth 2005, no pet.)). Outcry testimony is admissible from more than one witness if the witnesses testify about different events. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). But there may be only one outcry witness per event. *Id*.

A.G.'s accusations against Griffith consisted of four incidents, two of which the trial court determined were committed after A.G. had turned fourteen. After an article 38.072 hearing, the trial court determined that two separate outcry witnesses would be allowed to testify: Washburn and Bailey, who would be permitted to testify about different sexual acts committed against A.G. The trial court also determined that only the two incidents that allegedly occurred when A.G. was younger than fourteen would be admissible—the incident that occurred over Spring Break in Dawson and the incident that occurred after the family moved to Frost.

Over Griffith's objection, Washburn testified that A.G. told her that Griffith had sex with A.G. in three rooms in A.G.'s home: her parent's room, her sister's room, and "his" room. Washburn also testified, without a contemporaneous objection, that A.G. told her that the sexual contact occurred "[t]hree or four times." Bailey testified that A.G. told her that Griffith had sexual contact with A.G. on four separate occasions and that he

placed his mouth on her vagina on each occasion. No other details regarding the third and fourth incidents were elicited by the State from Washburn or Bailey. A.G. recanted all of her claims of sexual abuse when she testified, but she admitted on cross-examination, without objection from Griffith, that she had told Bailey the specific details of the third and fourth sexual encounters.

To preserve error regarding the admission of evidence, a party must make a proper objection and get a ruling. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Griffith argues that he was not required to additionally object to the hearsay testimony given by Washburn and Bailey because he objected to the testimony regarding the third and fourth incidents at the article 38.072 hearing. Assuming without deciding that Griffith sufficiently preserved this evidentiary objection, we conclude there was no error.

The violation of an evidentiary rule that results in the erroneous admission of evidence constitutes non-constitutional error. *See Martin v. State*, 176 S.W.3d 887, 897 (Tex. App.—Fort Worth 2005, no pet.). Under Rule of Appellate Procedure 44.2(b), an appellate court must disregard non-constitutional error unless the error affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *see also Gerron v. State*, 524 S.W.3d 308, 325 (Tex. App.—Waco 2016, pet. ref'd). A substantial right is affected when the erroneously admitted evidence, viewed in light of the record as a whole, had "a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). In assessing the likelihood that the jury's decision was improperly influenced, we must consider the entire record, including

such things as the testimony and physical evidence admitted, the nature of the evidence supporting the verdict, the character of the error and how it might be considered in connection with other evidence, the jury instructions, the State's theories, defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011).

As noted, neither Washburn nor Bailey went into the details of the third and fourth incidents. However, as also previously noted, the details of those incidents were elicited from A.G. without objection. Griffith himself highlighted details of the third and fourth incidents when cross-examining CPS investigator Amy Taylor regarding the details of the CPS report prepared in the case. After examining the record as a whole, we are assured that either the error did not influence the jury or did so only slightly. The testimony was not calculated to inflame the jury's emotions; substantially similar testimony was allowed without objection; the jury charge instructed the jury that it was the sole judge of the credibility of the witnesses and the weight to be given to their testimony; and the jury heard A.G. admit without objection that she told Bailey the details of the third and fourth incidents. *See Flores v. State*, 513 S.W.3d 146, 172 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (psychologist's testimony about credibility of class of persons did not affect defendant's substantial rights as it was not calculated to inflame jury's emotions, substantially similar testimony was allowed without objection, jury charge instructed jury it was sole judge of credibility, and jury heard victim provide detailed account of sexual assault). Griffith's first issue is overruled.

## Opinion Testimony

In his third issue, Griffith asserts that the trial court erred in allowing witnesses to comment on the credibility of A.G. and the veracity of her allegations and recantation. Griffith identifies the improper opinion witnesses as: (1) Jerry Johnson, pastor of the church that the O'Pry's and Washburns attended, who made the initial call to CPS regarding A.G.'s allegations; and (2) CPS investigator Taylor.

A direct opinion on the truthfulness of a child victim of sexual abuse, from either a lay witness or an expert witness, is inadmissible. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *see also Dauben v. State*, No. 10-13-00044-CR, 2014 WL 2566469, at *2 (Tex. App.—Waco Jun. 5, 2014, pet. ref'd, untimely filed) (mem. op., not designated for publication). A direct opinion as to the truthfulness of a witness "crosses the line" and does more than "assist the trier of fact to understand the evidence or to determine a fact in issue," it decides an issue for the jury. *Dauben*, 2014 WL 2566469, at *2.

Assuming without deciding that eliciting opinions from Johnson and Taylor was error, similar opinions were elicited from other witnesses without objection, including Bailey and Fuller. Bailey testified that she believed that A.G. had been coerced and coached into recanting her claims of abuse. Fuller testified that he believed A.G.'s outcry of abuse was genuine. Additionally, S.W., the friend whom A.G. first told of the abuse, testified that she did not believe that A.G. had made up the allegations of abuse, as did O'Pry.

As previously noted, error in the improper admission of evidence is not critical if the same or similar evidence is admitted without objection at another point in the trial.

*Estrada v. State*, 313 S.W.3d 274, 302 n. 29 (Tex. Crim. App. 2010); *see Lane*, 151 S.W.3d at 193 (error in admission of evidence is cured where same evidence comes in elsewhere without objection). Because Griffith did not object to similar opinion testimony from other witnesses, any error is harmless. *See Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (any error in admitting evidence cured when same evidence comes in elsewhere without objection). Griffith's third issue is overruled.

**Admission of CPS Report**

In his fourth issue, Griffith argues that the trial court erred in allowing the State to introduce the CPS report compiled in this case because it contained inadmissible hearsay. The trial court admitted the CPS report over Griffith's objection. The State moved to admit the report during Griffith's cross-examination of Taylor, arguing that Griffith had "opened the door" by questioning Taylor regarding information in the report that was derived from hearsay statements. The State identified two areas that Griffith covered during his cross-examination that came directly from the report: (1) a disagreement between CPS and the prosecutor as to whether A.G. should remain in her home even after Griffith moved out; and (2) the conversation between Taylor and A.G. when A.G. first recanted her claims of sexual abuse. The trial court originally ruled the CPS report inadmissible but subsequently permitted introduction of the report, after the details of A.G.'s forensic interview were redacted.

As previously noted, a trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard and will be overruled only if the reviewing court determines that the trial court's ruling was so clearly wrong as to lie

outside the zone within which reasonable people might disagree. *See Bigon*, 252 S.W.3d at 367.

Documents such as the CPS report may qualify as business records under Rule 803(6) of the Rules of Evidence and therefore admissible as an exception to the hearsay rule, but the information contained therein may still constitute inadmissible hearsay. *See* Tex. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."); *see also Cheek v. State*, 119 S.W.3d 475, 479 (Tex. App.—El Paso 2003, no pet.). "When hearsay contains hearsay, the Rules of Evidence require that each part of the combined statements be within an exception to the hearsay rule." *Sanchez*, 354 S.W.3d at 485-86; *see also Barnes v. State*, No. 05-16-01184-CR, 2017 WL 5897746, at *5 (Tex. App.—Dallas Nov. 29, 2017, no pet.) (mem. op., not designated for publication) ("When business records contain 'hearsay within hearsay,' the proponent must establish that the multiple hearsay statements are independently admissible."). Even if a report does not qualify as a business record or if statements in the report are inadmissible as hearsay, the report may become admissible if one side elicits testimony that "opens the door" to the introduction of the report under Rule 107 of the Rules of Evidence. *See Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009). Rule 107, known as the "rule of optional completeness," provides, in pertinent part:

> If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary

> to explain or allow the trier of fact to fully understand the part offered by the opponent.

TEX. R. EVID. 107.  The rule permits the introduction of otherwise inadmissible evidence when it is necessary to fully explain a matter that has been raised by the adverse party. *Ibenyenwa v. State*, 367 S.W.3d 420, 423 (Tex. App.—Fort Worth 2012, pet. ref'd).  The rule is designed "to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing."  *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007).  However, the rule is not invoked "by the mere reference to a document, statement, or act."  *Id.*  To be admitted under the rule, "the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.'"  *Pena v. State*, 353 S.W.3d 797, 814 (Tex. Crim. App. 2011) (quoting *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004)).

Griffith argues that the State did not claim that his questioning of Taylor left a false impression with the jury or that the jury could have been misled on a particular point. However, when debating the admissibility of the CPS report, the State specifically argued in regard to the conversation between Taylor and A.G., "He wants to pick and choose so the jury only hears she recanted without hearing all of the factors and all of the hearsay that was before and after it."  Because Griffith questioned Taylor on only portions of the report, he left the jury with a false impression regarding the conversation with Taylor when A.G. first recanted her claims of abuse.  Additionally, Griffith's questions regarding the conversations between Taylor and the prosecutor could have left the jury with the false impression that CPS had determined that A.G. was safe in her home after Griffith

moved out. In a similar case dealing with a child advocacy center videotape of a child victim, our sister court determined that the entire videotape should be admitted when

> (1) defense counsel asks questions concerning some of the complainant's statements on the videotape; (2) defense counsel's questions leave the possibility of the jury receiving a false impression from hearing only a part of the conversation, with statements taken out of context; and (3) the videotape is necessary for the conversation to be fully understood.

*Cline v. State*, No. 13-11-00734-CR, 2013 WL 398916, at *4 (Tex. App.—Corpus Christi Jan. 13, 2013, no pet.) (mem. op., not designated for publication). In light of the record, we conclude that the trial court did not err in admitting the CPS report under rule 107.

Additionally, once the report was offered, Griffith had the obligation to specifically identify the portions of the report that contained inadmissible hearsay. *See* TEX. R. EVID. 103(a)(1) (stating that party may claim error in ruling to admit evidence only if error affects substantial right and party timely objected and stated specific grounds for objection); TEX. R. APP. P. 33.1(a) (stating that complaints are not preserved for appellate review if not raised to trial court by timely objection that stated grounds for ruling with sufficient specificity to make trial court aware of complaint). When an exhibit contains both admissible and inadmissible material, an objection must specifically refer to the material deemed objectionable. *Flores v. State*, 513 S.W.3d at 174. A general objection to an entire document without specific reference to challenged material does not inform the trial court of a specific objection and does not preserve error for appeal. *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). Griffith made a general hearsay objection to the CPS report, as well as general objections regarding violations of the Confrontation Clause, the Sixth Amendment, and U.S. Supreme Court authority. Although given the

opportunity to specify which portions of the report he specifically found objectionable, Griffith only identified the information provided in one of the intake calls and the criminal history of Donna, an objection that he subsequently withdrew. Even if the trial court sustained his objection to the statements from the intake call, the same information from the second intake call was contained in the report. In light of the foregoing, Griffith's fourth issue is overruled.

Having overruled all of Griffith's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 4, 2018
Do not publish
[CRPM]

